865 F.2d 261
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Millard C. THORNHILL, Plaintiff-Appellant,
v.
John REES; Michael Cornett, Defendants-Appellees.
 No. 88-5646.
 United States Court of Appeals, Sixth Circuit.
 Dec. 16, 1988.
 
 1
 Before MILBURN and ALAN E. NORRIS, Circuit Judges; and RICHARD F. SUHRHEINRICH, District Judge.*
 
 ORDER
 
 2
 This pro se Kentucky prisoner requests the appointment of counsel in his appeal from the district court's summary judgment dismissing his civil rights claim filed under 42 U.S.C. Sec. 1983. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Millard Thornhill alleged that while in administrative protective custody he was violently assaulted by two other inmates. He sought compensatory and punitive damages against defendants for their failure to protect him from serious injury and for their failure to provide adequate medical care for his injuries. Defendants filed motions for summary judgment supported by affidavits and Thornhill's medical records. Upon review of the record, the district court granted the motion for summary judgment and dismissed the case.
 
 
 4
 On appeal, Thornhill argues that the district court applied the wrong law and that his case should not have been dismissed because he stated a claim upon which relief could be granted.
 
 
 5
 Upon review, we conclude that the district court did not err by applying the standard for summary judgment in evaluating Thornhill's claims. See Rogers v. Stratton Indus., Inc., 798 F.2d 913, 915 (6th Cir.1986). Moreover, summary judgment was proper because no genuine issue of material fact exists and defendants are entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Shavrnoch v. Clark Oil & Refining Corp., 726 F.2d 291 (6th Cir.1984). Thornhill's allegations of negligence are insufficient to establish an eighth amendment claim that prison officials failed to protect him from injury by other inmates. See Davidson v. Cannon, 474 U.S. 344, 348 (1986); McGhee v. Foltz, 852 F.2d 876, 880-81 (6th Cir.1988). Similarly, defendants were entitled to judgment on the claim of inadequate medical care because the record does not support a finding that defendants were deliberately indifferent to Thornhill's medical needs. See Estelle v. Gamble, 429 U.S. 97, 104 (1976).
 
 
 6
 Accordingly, the request for appointment of counsel is denied. The district court's summary judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Richard F. Suhrheinrich, U.S. District Judge for the Eastern District of Michigan, sitting by designation