871 F.2d 1087
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Gary William HOLT, Plaintiff-Appellant,
Victory Phillip Mencer; David Wayne Woodall; Jack Lee
Atkins; Howard Reed Davis, Jr.; Roger Dale Black; James
Lee Marable; Faron Douglas Pierce; Charles Eugene Potter;
Terry Lynn Pitts; Jackie McBee, Plaintiffs,
v.
Steve NORRIS, Defendant-Appellee.
 No. 88-5979.
 United States Court of Appeals, Sixth Circuit.
 Feb. 24, 1989.
 
 Before KEITH, NATHANIEL R. JONES and RALPH B. GUY, Jr., Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Gary Holt, a pro se Tennessee prisoner, seeks appointment of counsel in his appeal from the district court's judgment dismissing his civil rights complaint pursuant to 28 U.S.C. Sec. 1915(d). Holt and ten other prisoners filed suit against the Commissioner of the Tennessee Prisons, alleging that the lack of prison regulations on Acquired Immune Deficiency Syndrome (AIDS) violated their constitutional rights. The prisoners claimed that failure to test for the AIDS virus, failure to segregate AIDS victims, double-celling of prisoners, and lack of sanitary precautions by prison officials placed them at risk of contracting AIDS while incarcerated. The prisoners cited the incidence of intravenous drug use and homosexual contact among prisoners as high risk factors.
 
 
 3
 The matter was referred to the magistrate who conducted a hearing to determine whether dismissal pursuant to 28 U.S.C. Sec. 1915(d) was proper. The magistrate concluded that the suit was not frivolous under Sec. 1915(d). The district court adopted that conclusion and required the defendant to file an answer to the complaint.
 
 
 4
 In the interim, the Tennessee Department of Corrections adopted policy No. 113.32, effective June 1, 1988, regarding the education, prevention, and case management of AIDS within the state prison system. The defendant filed a motion seeking reconsideration of the district court's order denying Sec. 1915(d) dismissal. Upon consideration, the district court determined that dismissal was proper in light of policy directive No. 113.32 and other documentation which demonstrated that the prison officials were not deliberately indifferent to the serious health threat of AIDS. The complaint was dismissed pursuant to 28 U.S.C. Sec. 1915(d). Plaintiff Holt then filed this appeal.
 
 
 5
 On appeal, Holt argues that dismissal for frivolity pursuant to 28 U.S.C. Sec. 1915(d) was improper and that the recently adopted prison AIDS policy is inadequate, because it does not mandate testing for the AIDS virus nor does it require segregation of prisoners who may be carriers of the AIDS virus but show no active symptoms of the disease.
 
 
 6
 Although the district court dismissed the suit pursuant to 28 U.S.C. Sec. 1915(d), this court will view the dismissal as an entry of summary judgment because it appears that the district court relied upon documents outside the pleadings to dismiss the suit. Roger v. Stratton Indus., Inc., 798 F.2d 913, 915 (6th Cir.1986).
 
 
 7
 Reviewed as a grant of summary judgment, we conclude that the district court's judgment should be affirmed, as it appears that, viewing the evidence in a light most favorable to the plaintiff, the defendant is entitled to judgment as a matter of law. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986); Kendall v. Hoover Co., 751 F.2d 171, 174 (6th Cir.1984).
 
 
 8
 In the context of prison AIDS litigation, at least one circuit has held that a colorable 42 U.S.C. Sec. 1983 claim is stated only if it is shown that there exists a pervasive risk of harm to inmates of contracting the AIDS virus and if there is a failure of prison officials to respond to the risk. Glick v. Henderson, 855 F.2d 536, 539 (8th Cir.1988) (quoting Martin v. White, 742 F.2d 469, 474 (8th Cir.1984)). Upon consideration, we conclude that the plaintiff failed to demonstrate that the prison policy as adopted is not in accord with medically established guidelines, or that there exists in the prisons a pervasive risk of contracting the AIDS virus. The reasonable response of prison authorities to the threat of AIDS, as evidenced in the policies adopted during the pendency of the suit in the district court, mooted plaintiff's claims for declaratory and injunctive relief. Further, the adoption of the AIDS policy directive 113.32 clearly demonstrates that the prison officials have not exhibited "deliberate indifference" to the serious medical needs of the prisoners. See Estelle v. Gamble, 429 U.S. 97, 104 (1976).
 
 
 9
 Accordingly, the motion for appointment of counsel is denied and the judgment of the district court is affirmed without prejudice. Rule 9(b)(5), Rules of the Sixth Circuit.