900 F.2d 259
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Larry Lewis GREEN, Plaintiff-Appellant,
v.
Lt. Tim BARNES; George Wilson; Lt. Wm. Adams; Al Parke;
Lt. Charlie Ramey; Jack Wood; William Seabold,
Defendants-Appellees.
 No. 89-5995.
 United States Court of Appeals, Sixth Circuit.
 April 16, 1990.
 
 Before BOYCE F. MARTIN, Jr., and KRUPANSKY, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 This pro se Kentucky prisoner appeals the district court's judgment dismissing his civil rights claim filed under 42 U.S.C. Sec. 1983. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. The panel unanimously agrees that oral argument is not necessary. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary and injunctive relief, Larry Lewis Green alleged that he was denied due process in the course of prison disciplinary proceedings. He alleged that defendants deprived him the right to appeal the decision of the adjustment committee, that a charge of homosexual behavior was increased unjustifiably to a charge of sexual assault, and that the findings of guilt on sexual assault and contraband charges were not supported by sufficient evidence. He alleged that findings of guilt were based on statements by unreliable confidential informants.
 
 
 3
 Upon review we conclude that dismissal was proper. See Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Shavrnoch v. Clark Oil & Refining Corp., 726 F.2d 291, 293 (6th Cir.1984). Grant of a motion to dismiss for failure to state a claim is reviewed under the standard for summary judgment where, as here, the district court considers matters outside the initial pleadings. See Rogers v. Stratton Indus., Inc., 798 F.2d 913, 915 (6th Cir.1986) (per curiam).
 
 
 4
 Essential facts are not in dispute. Disciplinary charges of promoting contraband and of homosexual behavior were brought against plaintiff. Based on an allegation of force, the charge of homosexual behavior was amended to one of sexual assault. In advance of the disciplinary hearing, Green acknowledged that he received notice of the charges, the change in the charge, and that the adjustment committee independently found the confidential information on which the charges were based was reliable. Green was assisted by inmate counsel and presented witnesses and evidence in his defense. He alleged that his inmate counsel sent a notice of appeal to the warden. However, plaintiff did not challenge defendants' assertion that the warden never received a copy of the appeal.
 
 
 5
 Defendants are entitled to judgment as a matter of law because Green received all the process he was due. At a minimum, a prisoner facing disciplinary charges or the loss of good time credits should receive written notice in advance of a hearing, be permitted to present witnesses or evidence in his defense, and be provided with a written statement of the evidence on which a finding of guilt is based. Wolff v. McDonnell, 418 U.S. 539, 563-67 (1974). Moreover, due process requirements are satisfied if there is any evidence to support a finding of misconduct. Superintendent, Mass. Correctional Inst. v. Hill, 472 U.S. 445, 455-56 (1985).
 
 
 6
 Contrary to Green's assertions, however, he was not entitled to receive a copy of the confidential report. See Hensley v. Wilson, 850 F.2d 269, 279 (6th Cir.1988). Due process requires only that the adjustment committee, as opposed to the investigative officer, make an independent determination that the confidential information is reliable. 850 F.2d at 283. Review of the record shows that the adjustment committee made a finding of reliability and that the confidential information provides "some evidence" of guilt. See Superintendent, Mass. Correctional Inst., 472 U.S. at 456.
 
 
 7
 Accordingly, the district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.