932 F.2d 969
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James PETERS, Charles Rice, Albert Caples, Bruce Drumm,
Robert Phillips, Plaintiffs-Appellants,
v.
Al C. PARKE, John T. Wigginton, C. Tony Williams, John Does,
Jane Does, Defendants-Appellees.
 No. 91-5112.
 United States Court of Appeals, Sixth Circuit.
 May 10, 1991.
 
 Before KEITH and BOGGS, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 
 ORDER
 
 1
 James Peters, Charles Rice, Albert Caples, Bruce Drumm, and Robert Phillips, pro se Kentucky prisoners, appeal the district court's order dismissing their civil rights action filed pursuant to 42 U.S.C. Sec. 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking damages and injunctive relief, plaintiffs sued various officials of the Kentucky State Reformatory (KSR), in their official and individual capacities, alleging that the KSR officials deprived them of their personal property without due process of law. Specifically, plaintiffs asserted that they acquired radios, clock radios, and television sets for their personal use based upon the prison regulations in effect prior to July 1, 1990. However, in June 1989, the Kentucky Corrections Cabinet adopted a new policy regulation barring all radios except "walkman" type radios in the prison system after July 1, 1990. Similarly, in May 1990, the Kentucky Corrections Cabinet adopted a new policy regulation barring all television sets with screen sizes over thirteen inches from the prisons after July 1, 1990. The inmates were given ample notice of the changes in the regulations and were also given the opportunity to mail non-conforming radios or televisions to relatives or friends outside of the prison. They asserted, however, that since they obtained their radios and televisions from the prison canteen in reliance on the previous prison regulations, they should have been allowed to retain their televisions and radios or should have been permitted to trade them in at the prison canteen for radios and televisions that conformed to the new regulations.
 
 
 3
 After a review, the district court dismissed the case pursuant to Fed.R.Civ.P. 12(b)(6), finding that plaintiffs had failed to state a claim upon which relief could be granted. The district court found that plaintiffs had not been deprived of their personal property without due process because the new prison regulations were related to legitimate prison safety and security concerns. Plaintiffs have filed a timely appeal. In addition, they request the appointment of counsel in their brief on appeal.
 
 
 4
 Upon de novo review, we conclude that the district court's dismissal is properly construed as a grant of summary judgment because the district court considered matters outside of the pleadings. Rogers v. Stratton Indus., Inc., 798 F.2d 913, 915 (6th Cir.1986) (per curiam). Summary judgment was proper because the record shows that there was no genuine issue as to any material fact and that defendants are entitled to judgment as a matter of law. Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988).
 
 
 5
 Accordingly, the request for counsel is hereby denied, and the district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.