James H. ROGERS, Plaintiff-Appellant,

v.

STRATTON INDUSTRIES, INC., Fred S. Almy, and D.E. Stolberg, Defendants-Appellees.

No. 85–5668.

United States Court of Appeals, Sixth Circuit.

Argued April 11, 1986.

Decided Aug. 21, 1986.

James G. Stranch, III, Branstetter, Kilgore, Stranch and Jennings, Nashville, Tenn., Jan Jennings (argued), for plaintiff-appellant.

Larry W. Bridgesmith (argued), Constangy, Brooks & Smith, Nashville, Tenn., Edward Katze, Constangy, Brooks & Smith, Atlanta, Ga., for defendants-appellees.

Before KRUPANSKY, GUY and BOGGS, Circuit Judges.

PER CURIAM.

On March 7, 1985 plaintiff Rogers filed an age discrimination in employment case against the defendants (hereinafter Stratton), his former employer. This litigation was instituted pursuant to the provisions of Tenn.Code Ann. §§ 4–21–101, *et seq.*, in the Chancery Court for Davidson County, Tennessee. Since complete diversity existed between the parties, the case was removed to the United States District Court for the Middle District of Tennessee on April 10, 1985.

Stratton did not file an answer after removal but, instead, on April 10, 1985, filed a motion to dismiss pursuant to Fed.R. Civ.P. 12(b)(1), alleging lack of subject matter jurisdiction. The motion was predicated upon an affidavit of the personnel manager of Stratton setting forth that at no time did Stratton ever employ eight or more employees within the State of Tennes-

see. Tennessee Code Annotated § 4–21–102(4) defines "Employer" as anyone "employing eight (8) or more persons within the state...."

Rogers initially filed no response to the motion to dismiss. Rule 8(b)(3) of the Local Rules for the Middle District of Tennessee provides:

Each party opposing a motion shall serve and file a response, reply memorandum, affidavits or other responsive material not later than ten (10) days after service of the motion, except that in cases of motion for summary judgment the time shall be twenty (20) days after the service of the motion. Failure to file a response shall indicate that there is no opposition to the motion. Provided, however, the Trial Judge may act on the motion prior to the time set forth hereinbefore. In such event, the affected party may file a motion to reconsider within ten (10) days, or twenty (20) days in the case of a motion for summary judgment, after service of the order reflecting the action of the Judge. In any event, a previously prevailing party on a motion shall not respond to a motion to reconsider unless the Trial Judge orders a response.

Despite no timely response being filed, the district court, on May 2, 1985, set this motion for oral argument on June 6, 1985. Stratton filed a motion to ascertain status of case.[1] This motion set forth plaintiff's failure to respond to the motion to dismiss and requested that such motion be granted. On May 17, 1985, plaintiff finally responded by filing a simple affidavit.[2] On May

---

1. Local Rule 8(b)(8) provides that "at any time, an attorney for any party to a proceeding may file a written motion inquiring of the trial judge as to the status of the case or of pending motions, and may include in said motion a statement of reasons why an expedited disposition of the case or motion is deemed necessary or desirable."

2. I, JAMES H. ROGERS, after first having been duly sworn, would state as follows:

1. I am a citizen and resident of Davidson County, Tennessee.

2. Matters contained in this Affidavit, I would testify to the same as if called in open court and it would be of my own personal knowledge.

3. I am competent to give this Affidavit.

4. At all times relevant, I was employed by Stratton Industries.

5. From my own personal knowledge, Stratton Industries has caused or required more than eight (8) of its employees or agents to be within the State of Tennessee in the course of their business.

6. At the time of my termination, Stratton Industries was doing approximately One Million

24, 1985, the district court entered an order granting Stratton's motion to dismiss, which order stated that "[p]laintiff's failure to file a response indicates that there is no opposition to the motion." Within ten days of this order being entered, Rogers filed a motion to reconsider the dismissal. The motion to reconsider stated nothing other than the fact that plaintiff had filed an affidavit prior to the June 6, 1985 date set for oral argument, and plaintiff attached to the motion the same affidavit filed on May 17, 1985. The district court denied the motion to reconsider on June 13, 1985 without opinion.

On appeal, Rogers makes three arguments: (1) the district court had subject matter jurisdiction; (2) Rogers' affidavit gave notice to the court that he opposed Stratton's motion to dismiss; and (3) if jurisdiction was not present, the case should have been remanded to state court. Since all of these arguments revolve around the procedural history of this litigation and are interrelated, we will discuss them together rather than seriatim.

 Under Tennessee law, a victim of alleged employment discrimination may proceed either administratively through the Tennessee Human Rights Commission followed by judicial review, or he may file a direct action in chancery court. *Hoge v. Roy H. Park Broadcasting of Tenn., Inc.*, 673 S.W.2d 157 (Tenn.Ct.App.1984); Tenn. Code Ann. § 4-21-311 (1985). Plaintiff here chose to bring a direct action in chancery court. It is axiomatic that a federal court sitting in a case removed under diversity jurisdiction can exercise no more or no less jurisdiction than the court from which the case was removed. Thus, the initial question raised by plaintiff translates into the question of whether the Davidson County, Tennessee, Chancery Court would have had subject matter jurisdiction over plaintiff's claim. Although deceptively

easy to frame, the resolution of this issue is far from problem free.

There is no doubt that the Tennessee chancery courts generally have subject matter jurisdiction over claims of age discrimination brought pursuant to the applicable Tennessee statute. Plaintiff would argue no further than this. Inherent in plaintiff's argument is that if a motion under Fed.R.Civ.P. 12(b) was appropriate at all, it should have been one brought under Rule 12(b)(6) for failure to state a claim on which relief can be granted. Defendants, however, would argue that Tennessee chancery courts are limited in age discrimination in employment cases to those brought against employers who employ "eight (8) or more persons within the state." Tenn.Code Ann. § 4-21-102. Defendants' argument is that having eight or more employees is the jurisdictional threshold in this type of case and since they did not have eight employees within the State of Tennessee, the court had no subject matter jurisdiction.

The disagreement between the parties has ramifications which extend beyond this dispute being a mere "battle of labels." For example, in a Rule 12(b)(6) motion in which matters outside the record are relied upon as they were here,[3] the moving party (here defendants) has the burden of showing there are no genuine issues as to any material facts, as the motion shall be treated as one for summary judgment. Fed.R. Civ.P. 56(c). Conversely, where subject matter jurisdiction is challenged under Rule 12(b)(1), as it was here, the *plaintiff* has the burden of proving jurisdiction in order to survive the motion. Perhaps even more importantly, when a Rule 12(b)(6) motion is converted to a Rule 56 motion for summary judgment, the court, upon finding genuine issues as to material facts, must deny the motion; whereas on a Rule 12(b)(1) challenge to subject matter jurisdiction, the court is empowered to resolve factual disputes. *Williamson v. Tucker*,

Dollars worth of business within the State of Tennessee.

7. Stratton Industries sold and serviced products within the State of Tennessee.

FURTHER AFFIANT SAITH NOT.

3. Each side filed one affidavit.

645 F.2d 404 (5th Cir.), *cert. denied*, 454 U.S. 897, 102 S.Ct. 396, 70 L.Ed.2d 212 (1981); *Mortensen v. First Federal Savings & Loan Assn.*, 549 F.2d 884 (3d Cir. 1977). In this regard, it is clear that in either a Rule 12(b)(1) or a Rule 12(b)(6) motion, the parties are free to supplement the record by affidavits; however, in a Rule 12(b)(1) motion, this supplementation does not convert the motion into a Rule 56 summary judgment motion. *Land v. Dollar*, 330 U.S. 731, 735 n. 4, 67 S.Ct. 1009, 1011 n. 4, 91 L.Ed. 1209 (1947); *Gordon v. National Work Youth Alliance*, 675 F.2d 356, 363 (D.C.Cir.1982).

If the defendants are correct, as a matter of Tennessee law, that the number of employees is a jurisdictional element, the district court would certainly be justified in resolving that jurisdictional question on the basis of the affidavits, with the burden on the plaintiff to establish jurisdiction. There are apparently no reported appellate decisions in Tennessee interpreting in this context that section of the Tennessee employment discrimination statute which defines "employer" as one with eight or more employees.[4] The substantive provisions of the Tennessee statute are very similar to those of the Federal Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 623.[5] *Hoge, supra.* However, resort to the ADEA is not helpful. Although there are several reported decisions which discuss the definition of "employer," they do not do so in the context of the type of motion which is appropriate when a challenge to the coverage of the Act is made. In *Weber v. George Cook, Ltd.*, 563 F.Supp. 598 (S.D. N.Y.1983), the court granted a motion for *summary judgment* based upon lack of subject matter jurisdiction where an employer had fewer than twenty employees. However, the appropriateness of using a summary judgment motion to challenge subject matter jurisdiction was not raised.

The next closest analogy to the Tennessee statute would be Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, which defines "employer" as a "person ... who has 15 or more employees...." Although this definition also has been the subject of litigation, that litigation has not *specifically* raised the question of whether a case brought against an employer who does not meet the statutory definition results in no subject matter jurisdiction for the court. It is clear, however, that courts have *granted* motions to dismiss based on lack of subject matter jurisdiction in cases where the employer did not fit the statutory definition. *See, e.g., Fike v. Gold Kist, Inc.*, 514 F.Supp. 722 (N.D. Ala.1981).

Since there are no decided cases dealing directly with the question of whether meeting the Tennessee statutory definition of employer is a *jurisdictional* issue and since the analogous cases are only of marginal assistance, we potentially are left with the proposition of addressing a question of first impression under Tennessee law. Since we would prefer to leave such questions to the Tennessee courts initially, if possible, the question arises as to whether this appeal can be disposed of without addressing this issue directly. We conclude that it can.

Where the issue raised in a Rule 12(b) motion in an employment discrimination case is plaintiff's *compliance* with the statute,—for example, timely filing of a complaint—this type of issue is better raised as

---

**4.** By way of analogy, plaintiff cites *Mooney v. Stainless, Inc.*, 338 F.2d 127 (6th Cir.1964), a case dealing with the workers' compensation law of Tennessee. Plaintiff's reliance is misplaced. In *Mooney*, after holding that the burden is on a *plaintiff* employee to establish that an employer had the requisite number of employees (5) to bring it within the application of the compensation statute, the court approved a dispute going to the jury concerning the status of individuals as independent contractors or employees. This was a review of a jury verdict in a far different fact situation, and nothing in the opinion deals with the question of subject matter jurisdiction, which was an issue not raised by the parties in *Mooney*.

**5.** 29 U.S.C. § 630(b) defines "employer" as "a person ... who has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year."

a Rule 12(b)(6) motion, since the requirement is not absolute and may be waived or be subject to estoppel or equitable tolling. *Gordon,* 675 F.2d at 360. Where the issue is whether the claim is *covered* by the statute, however, it makes little difference whether Rule 12(b)(1) or Rule 12(b)(6) is the vehicle used to raise the issue as long as the non-moving party is not taken by surprise and has an adequate opportunity to respond. *Gordon,* 675 F.2d at 363. For example, if a person brought suit under the Tennessee employment discrimination statute for being discharged for being overweight, he would have failed to state a claim upon which relief can be granted, since a discharge for obesity is not actionable under Tennessee statutory or common law, but he also would have failed to bring himself within the *jurisdiction* of the Tennessee courts because the existing Tennessee civil rights statute does not make weight discrimination a subject that can be reviewed by the courts. Normally, Rule 12(b)(6) judgments are dismissals on the merits and Rule 12(b)(1) dismissals are not. *Exchange National Bank of Chicago v. Touche Ross and Co.,* 544 F.2d 1126, 1130–31 (2nd Cir.1976). This is because a dismissal by a court on the basis of lack of subject matter jurisdiction does not necessarily mean another court does not have jurisdiction.[6] Furthermore, if a court does not have jurisdiction, ipso facto, it cannot address the merits of a case. Where a statutory right is being pursued, however, and the defense raised is that the plaintiff or defendant does not come within the purview of the statute, the judicial acceptance of this defense, however it is accomplished, is the death knell of the litigation and has the same effect as a dismissal on the merits. Thus, plaintiff's argument here that if the court did correctly dismiss due to lack of subject matter jurisdiction it should have remanded the case to state court simply makes no sense. It was in its capacity of sitting as a state court that the district court made its ruling in this diversity case. Since the ruling was, in effect, that the courts of Tennessee do not have jurisdiction over an employer employing less than eight employees in Tennessee, any remand to a state court would have been pointless.[7]

There remains the question of whether the affidavit filed by the plaintiff was suffi-

---

6. Bringing a divorce action in a federal court would be an example.

7. In arguing for a contrary result, plaintiff relies on *Prack v. Weissinger,* 276 F.2d 446 (4th Cir. 1960), and *O.W. Weeks v. The Fidelity and Casualty Co. of New York,* 218 F.2d 503 (5th Cir. 1955). *Prack* is inapposite as it involved a diversity case being remanded due to failure to meet the $10,000 jurisdictional minimum. Thus the case was improvidently removed and remand was the appropriate remedy.

*Weeks* is on point, however, and does state that if a removed case is resolved on the basis of no state court jurisdiction then the case should be remanded since if the state court has no jurisdiction the removal was improvident. We reject the holding in *Weeks,* however, for three reasons. First, as was stated in *Plicer v. Asiatic Petroleum Co. (Texas), Ltd.,* 197 F.Supp. 212 (S.D.Texas 1961), the holding in *Weeks* was dicta since the case was actually remanded due to an untimely removal and "this dictum yields to the Fifth Circuit's later decision in *Digby [v. United States Fidelity & Guaranty Co.,* 239 F.2d 569 (5th Cir.1957) ]."

Second, both Moore and Wright, Miller, Cooper, in their treatises on federal practice, disagree with the *Weeks* holding:

If the case is one within the removal jurisdiction of the federal courts but it is determined that the state court lacked original jurisdiction over the case, the federal court will dismiss rather than remove.

14A C. Wright, A. Miller, E. Cooper, *Federal Practice & Procedure* § 3739 at 571.

Similarly, in 1A Moore's Federal Practice § 0.169(1) (2d ed.), it is stated:

[S]ince because of the derivative concept of removal jurisdiction the federal court succeeded only to the state court's subject matter jurisdiction and, the state court having none, there is no point in remanding the case to a state court that lacks jurisdiction.

*Id.* at 678–79.

Third, this circuit has at least by affirmance of a district court holding adopted a view contrary to *Weeks.* In *Wamp v. Chattanooga Housing Authority,* 384 F.Supp. 251 (E.D.Tenn.1974), the district court held that dismissal rather than remand—was the proper remedy in a removed case where the state court lacked jurisdiction. This holding was affirmed, albeit without informative discussion, by this court in a decision reported at 527 F.2d 595.

cient to keep the court from properly granting defendant's motion, whether considered under 12(b)(1) or under 12(b)(6). We find helpful to the resolution of this issue the following discussion from *Gordon:*

> Subject-matter jurisdiction of a federal district court may, of course, be challenged by a Rule 12(b)(1) motion, though by no means is that the only method. Should facts critical to jurisdiction be in dispute, as ofttimes they are, the court must make appropriate inquiry, and must satisfy itself on authority to entertain the case. The court has considerable leeway in devising procedures in that direction, and may resort to written or live evidence submitted in connection with the motion. The nonmoving party must, however, be afforded an ample opportunity to secure and present evidence relevant to the existence of jurisdiction. This simple, direct methodology strikes me as adequate to meet fully and fairly the exigencies of fact-determination on dismissal motions of this type.[18]

> [18] Analogy to the optional conversion of a Rule 12(b)(6) motion into a Rule 56 motion for summary judgment thus confers on nonmoving parties no safeguards that Rule 12(b)(1) case law does not already provide. It may assist an effort simply to ascertain whether an issue of fact material to subject-matter jurisdiction is genuinely presented, *see Exchange Nat'l Bank v. Touche Ross & Co., supra,* at n. 16, but extended further it can only prevert the conversion process to a use never intended....

675 F.2d at 362–63, n. 18 (Robinson, J., concurring).

Thus, where a court considers factual issues outside the record on a Rule 12(b)(1) motion, it must do so in a manner that is fair to the non-moving party. It cannot be overlooked, however, that with an appropriate Rule 12(b)(1) motion a court can and should *resolve* factual disputes.

■ As stated earlier, however, we choose not to resolve the jurisdictional issue as it relates to the Tennessee statute and will, instead, review this issue as if plaintiff had filed a Rule 12(b)(6) motion to ascertain if the district court erroneously proceeded to final resolution in the face of genuine issues as to material facts. We thus give plaintiff on review the benefit of the more favorable rules applicable to Rule 12(b)(6) motions as they relate to the determination of factual disputes. The issue thus must be resolvable within the four corners of the affidavits filed by the parties.

Defendant Stratton's affidavit is clear and unequivocal. Stratton's personnel manager sets forth that Stratton employs no employees in the State of Tennessee but does have one sales agent who covers part of Tennessee as part of his sales territory. Furthermore, at no time in the past has Stratton serviced Tennessee with more than one sales agent, and has never had eight or more employees within Tennessee (App. 18).

Plaintiff's counter affidavit,[8] on the other hand, is vague and general and does not address the issue directly in terms of the statutory language. Not only does the affidavit consist primarily of matters not relevant to the issue, such as the dollar volume of business done by Stratton in Tennessee and that it sold and serviced products there,[9] but, more importantly, it only states that Stratton "has caused or required more than (8) of its employees or agents to be within the State of Tennessee in the course of their business." Clearly, this is non-responsive to Stratton's affidavit and does not track the statutory requirement of "employing eight (8) or more persons within the state."

We thus conclude that plaintiff's affidavit was insufficient to raise a genuine issue as to a material fact, and the complaint was properly dismissed even under the Rule 12(b)(6) and Rule 56 standards. Our conclusion that plaintiff's affidavit is deficient is further buttressed by the fact that ini-

---

8. *See, supra,* note 2.

9. The affidavit reads as if it were offered in support of a claim of this court having personal jurisdiction as opposed to subject matter jurisdiction.

tially plaintiff did not even respond to defendant's affidavit and did not do so until the defendant filed what amounts to a motion for judgment on its unopposed pleadings.[10] When plaintiff did respond, it was inadequate, and, when he moved for reconsideration, he offered no reason or explanation for his untimely filing and offering nothing further in support of his claim that defendant employed more than eight persons in Tennessee.[11]

Since Stratton, employing fewer than eight persons in Tennessee, does not come within the purview of the Tennessee employment discrimination statute, we AFFIRM the trial judge's dismissal of the complaint.

---

**10.** We do not address the question of whether the district court might properly have granted the motion to dismiss purely on the grounds that the plaintiff failed to file a response within 10 days.

**11.** Since the district court dismissed without an opinion, we do not have the benefit of its analysis of plaintiff's affidavit. Indeed, plaintiff questions whether the court even looked at it. We need not resolve this issue, however, because, on review, we did carefully consider plaintiff's affidavit.