881 F.2d 1077
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James L. SMITH, Plaintiff-Appellant,
v.
Everett ELKINS; Kenny Robinson, Defendants-Appellees.
 No. 88-2247.
 United States Court of Appeals, Sixth Circuit.
 Aug. 8, 1989.
 
 1
 Before MERRITT and KENNEDY, Circuit Judges, and NICHOLAS J. WALINSKI, Senior District Judge.*
 
 ORDER
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 James L. Smith, a pro se Michigan prisoner, appeals from the district court's judgment dismissing his civil rights action filed pursuant to 42 U.S.C. Sec. 1983.
 
 
 4
 Suing multiple prison officials and seeking monetary damages Smith alleged he was denied due process when he was placed in administrative segregation without a hearing separate and distinct from his disciplinary hearing.
 
 
 5
 Upon review of the magistrate's report and recommendation and Smith's objections, the district court dismissed the suit for failure to state a claim under Fed.R.Civ.P. 12(b)(6). Smith has filed a timely appeal.
 
 
 6
 Upon review of the record, we conclude that Smith received due process and, therefore, the judgment of the district court should be affirmed.
 
 
 7
 Since the district court considered matters outside the pleadings in deciding to dismiss the suit, the dismissal is viewed as a grant of summary judgment, Rogers v. Stratton Indus., Inc., 798 F.2d 913, 915 (6th Cir.1986); and it was proper in this case because the evidence is so one-sided that the defendants must prevail as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).
 
 
 8
 Smith did receive due process since he received notice of charges against him and an opportunity to respond to the appropriate prison officials. Hewitt v. Helms, 459 U.S. 460, 476 (1983).
 
 
 9
 Smith's transfer to administrative segregation occurred three days after a disciplinary hearing in which he was found guilty of major misconduct. Under these circumstances, no second hearing was necessary before Smith was placed in administrative segregation. See Walker v. Mintzes, 771 F.2d 920, 933 (6th Cir.1985).
 
 
 10
 Further, prior to his disciplinary hearing, Smith was given notice that if found guilty of major misconduct he could be reclassified into administrative segregation.
 
 
 11
 Accordingly, the judgment of the district court is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Nicholas J. Walinski, Senior U.S. District Judge for the Northern District of Ohio, sitting by designation