881 F.2d 1078
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Leon C. WHITE, Plaintiff-Appellant,
v.
Charles FOWLER, Defendant-Appellee.
 No. 88-2216.
 United States Court of Appeals, Sixth Circuit.
 Aug. 8, 1989.
 
 1
 Before KEITH and RALPH B. GUY, Jr., Circuit Judges, and THOMAS G. HULL, Chief District Judge.*
 
 ORDER
 
 2
 Leon C. White, a pro se Michigan prisoner, appeals the district court's order dismissing his civil rights action filed pursuant to 42 U.S.C. Sec. 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking damages, White sued defendant Charles Fowler, a corrections sergeant at the Michigan Department of Corrections, claiming he violated plaintiff's eighth amendment right to be free from cruel and unusual punishment and his fourteenth amendment right to be free from bodily harm. He alleged that while on a twelve hour bus trip, the defendant unnecessarily sprayed chemical mace into his face for the sole purpose of inflicting pain. Defendant filed a motion to dismiss or for summary judgment with a supporting affidavit explaining that his action was necessary to restore discipline and security to the bus. Plaintiff responded. The district court dismissed the action for plaintiff's failure to state a claim. This appeal followed.
 
 
 4
 Upon consideration, we affirm the district court's judgment for other reasons. See Russ Kwik Car Wash, Inc. v. Marathon Petroleum Co., 772 F.2d 214, 216 (6th Cir.1985) (per curiam). Although the district court dismissed the suit under Fed.R.Civ.P. 12(b)(6) for failure to state a claim, we hereby construe the judgment as an entry of summary judgment because the defendant filed an affidavit with his motion that was also, in fact, labeled as a motion for summary judgment. See Rogers v. Stratton Indus., Inc., 798 F.2d 913, 915 (6th Cir.1986) (per curiam); Wright v. Holbrook, 794 F.2d 1152, 1156-57 (6th Cir.1986).
 
 
 5
 As such, we conclude that the defendant was entitled to summary judgment as no genuine issue of material fact was presented and the defendant was entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Under the circumstances of this case, although the plaintiff was shackled, the measures taken by the defendant to maintain or restore discipline simply do not arise to a level of wantonness in the inflicting of pain to warrant submitting the case to a jury. Whitley v. Albers, 475 U.S. 312, 320-22 (1986); See also Poindexter v. Woodson, 510 F.2d 464, 465 (10th Cir.1985), cert. denied, 423 U.S. 846 (1985) (use of mace not per se violation of eighth amendment where necessary to subdue recalcitrant prisoner).
 
 
 6
 Accordingly, the district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Thomas G. Hull, Chief U.S. District Judge for the Eastern District of Tennessee, sitting by designation