909 F.2d 1482
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Kevin BENNETT, Plaintiff-Appellant,
v.
Robert BROWN, Jr., Dale E. Foltz, M. Michael, J. Ricci, P.
Burns, David Jamrog, Frank Elo, R. Baerwalde, David Perrin,
T. Wolven, M. Van Black, John Voight, Herbert Grinage, John
Whelan, Barbara J. Heathfield, John W. Hawley, Defendants-Appellees.
 No. 89-2038.
 United States Court of Appeals, Sixth Circuit.
 Aug. 8, 1990.
 
 1
 Before MILBURN and RALPH B. GUY, Jr., Circuit Judges, and JORDAN, District Judge.*
 
 ORDER
 
 2
 Plaintiff, a Michigan state prisoner, appeals from the district court's order granting the defendants' motion to dismiss in this civil rights action filed under 42 U.S.C. Sec. 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Plaintiff is an inmate incarcerated in the Marquette Branch Prison in Marquette, Michigan. He brought a civil rights action under 42 U.S.C. Sec. 1983 against various prison officials and employees complaining that the named defendants denied him due process in the course of disciplinary proceedings at the prison. The district court granted the defendants' motion to dismiss. This appeal followed. The parties have briefed the issues, plaintiff acting on his own behalf.
 
 
 4
 Upon review, we conclude that dismissal was proper. Grant of a motion to dismiss for failure to state a claim is reviewed under the standard for summary judgment where, as here, the district court considers matters outside the initial pleadings. See Rogers v. Stratton Indus., Inc., 798 F.2d 913, 915 (6th Cir.1986) (per curiam); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986).
 
 
 5
 The evidentiary material before us reflects that plaintiff was afforded the procedures mandated by Wolff v. McDonnell, 418 U.S. 539, 563-67 (1974), and that the disciplinary decisions were premised on a sufficient quantity of evidence as mandated by Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 455-56 (1985). The doctrine of res judicata prevents plaintiff from raising his substantive due process claim as that claim has been rejected by the district court and affirmed by this court in Bennett v. Brown, No. 87-1026 (6th Cir. Oct. 14, 1987) (unpublished).
 
 
 6
 Accordingly, the district court's order is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Leon Jordan, U.S. District Judge for the Eastern District of Tennessee, sitting by designation