944 F.2d 905
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Emmanuel G. KNIGHT, Plaintiff-Appellant,
v.
John JABE, Deputy Pogats, Robert Brown, Jr., Sgt. Letts,
Defendants-Appellees.
 No. 91-1565.
 United States Court of Appeals, Sixth Circuit.
 Sept. 19, 1991.
 
 1
 Before KEITH and ALAN E. NORRIS, Circuit Judges, and JOHNSTONE, District Judge.*
 
 ORDER
 
 2
 Emmanuel Knight appeals the judgment of the district court that dismisses his civil rights complaint filed under 42 U.S.C. § 1983 and requests the appointment of counsel on appeal. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Knight alleged in his complaint that the defendants acting in their individual and official capacities violated his eighth amendment right to personal safety when they failed to prevent him from being sexually assaulted at the reception center of the State Prison of Southern Michigan. He sought $500,000 in compensatory damages and $5,000 in punitive damages from each defendant. The defendant prison officials moved to dismiss Knight's complaint on grounds that Knight failed to state a claim for which relief could be granted and that the eleventh amendment barred recovery of monetary damages against them. The defendants supported their motion with affidavits and copies of various prison incident reports related to the assault.
 
 
 4
 Following consideration of the defendants' motion and Knight's answer, the magistrate recommended dismissing Knight's complaint for his failure to establish any facts demonstrating deliberate indifference to his personal safety or a pervasive risk of harm. The district court adopted the magistrate's recommendation and granted the defendants' motion to dismiss. Knight now appeals arguing that the district court abused its discretion in refusing to appoint counsel, extend time for discovery or conduct an evidentiary hearing.
 
 
 5
 Initially, we note that we review the district court's judgment as one for summary judgment because the court considered matters other than the pleadings in entering the judgment. Rogers v. Stratton Indus., Inc., 798 F.2d 913, 915 (6th Cir.1986). Reviewed as such, we conclude that the suit was properly dismissed because there is no genuine issue of material fact and the defendants are entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 312, 318 (1986). The undisputed facts clearly establish that Knight can not demonstrate the deliberate indifference needed to support his eighth amendment claims. Stewart v. Love, 696 F.2d 43, 44 (6th Cir.1982). The defendants did not deliberately disregard a serious threat to his safety after actually becoming aware of that threat. Walker v. Norris, 917 F.2d 1449 (6th Cir.1990). Neither appointment of counsel nor the additional discovery requested by Knight would alter the undisputed material facts that preclude his recovery under the eighth amendment. Mere negligence is not enough. Stewart, 696 F.2d at 44.
 
 
 6
 Accordingly, the judgment of the district court is affirmed and Knight's motion for appointment of counsel is denied. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Edward H. Johnstone, U.S. District Judge for the Western District of Kentucky, sitting by designation