946 F.2d 894
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Emory John CAVENDER, Plaintiff-Appellant,
v.
Lt. COWELL, Defendant-Appellee.
 No. 91-5610.
 United States Court of Appeals, Sixth Circuit.
 Oct. 15, 1991.
 
 1
 Before RYAN, Circuit Judge, WELLFORD, Senior Circuit Judge, and HIGGINS, District Judge.*
 
 ORDER
 
 2
 This pro se Kentucky prisoner appeals the district court's dismissal of his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Plaintiff is an inmate incarcerated at the Kentucky State Penitentiary. The defendant is a corrections officer at that institution. Plaintiff filed his complaint alleging that the defendant violated his Eighth Amendment right to be free from excessive force and physical abuse. Specifically, plaintiff alleged that on September 10, 1989, at about 2:00 a.m., he had his arms hanging out of the food tray door of his cell. Plaintiff refused to put his arms back through the tray door so that the tray door could be shut and locked in spite of several orders given to him by correctional officers. Plaintiff alleged that the defendant slammed the food tray door, causing injury to his left hand. Plaintiff also alleged that he did not receive medical attention to his injury until about 45 minutes later. Plaintiff further alleged a violation of the Fourteenth Amendment due process clause. Plaintiff sought monetary relief and sued the defendant in his individual and official capacities.
 
 
 4
 A magistrate judge issued a report recommending that the defendant's motion to dismiss be granted. Despite plaintiff's timely objections, the district court adopted the magistrate judge's report in an order and judgment entered May 6, 1991. This appeal followed.
 
 
 5
 The dismissal in the present case is reviewed under the standard for summary judgment where, as here, the district court considered matters outside the initial pleadings. See Rogers v. Stratton Indus., Inc., 798 F.2d 913, 915 (6th Cir.1986) (per curiam).
 
 
 6
 Upon review, we conclude that the district court properly dismissed this civil rights action as the case presents no genuine issue of material fact and the defendant is entitled to judgment as a matter of law. See Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, 862 F.2d 597, 601 (6th Cir.1988). Plaintiff fails to show that the defendant's action was unnecessary or that it was committed with such wantonness as to constitute deliberate indifference on the part of the responsible prison official. See Wilson v. Seiter, 111 S.Ct. 2321, 2326-27 (1991); Whitley v. Albers, 475 U.S. 312, 321 (1986). Furthermore, a fifteen minute to one hour delay in examining plaintiff's bruised knuckle does not constitute a deliberate indifference to plaintiff's serious medical needs. See Estelle v. Gamble, 429 U.S. 97, 104 (1976).
 
 
 7
 Upon further review, we conclude that plaintiff's claim is not cognizable under the Fourteenth Amendment. As to a convicted prisoner, the eighth amendment "serves as the primary source of substantive protection ... in cases ... where the deliberate use of force is challenged as excessive and unjustified." Whitley, 475 U.S. at 327; see also Walker v. Norris, 917 F.2d 1449, 1454-55 (6th Cir.1990).
 
 
 8
 Finally, the magistrate judge's decision to deny plaintiff's motion to amend was not an abuse of discretion but was based on valid grounds as plaintiff failed to state good cause for amending his complaint and offered no excuse for failing to submit the facts alleged in support of the amended complaint in his original complaint. See Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330 (1971).
 
 
 9
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Thomas A. Higgins, U.S. District Judge for the Middle District of Tennessee, sitting by designation