977 F.2d 581
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Arthur Lee JEMISON, Plaintiff-Appellant,
v.
C. HALL; L. Anderson; James M. Hill, Defendants-Appellees.
 No. 92-1251.
 United States Court of Appeals, Sixth Circuit.
 Sept. 30, 1992.
 
 Before NATHANIEL R. JONES and SILER, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 This pro se Michigan prisoner appeals the district court's judgment dismissing his civil rights complaint filed under 42 U.S.C. § 1983. He requests the appointment of counsel. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Arthur Lee Jemison alleged that defendants conspired to deprive him of his due process rights during prison disciplinary proceedings. He maintained that his hearing on a charge of minor misconduct did not comply with hearing requirements under state law.
 
 
 3
 Upon review, we conclude that the district court's dismissal was proper. A dismissal under Fed.R.Civ.P. 12(b)(6) is reviewed under the standard for summary judgment where, as here, the district court considered matters outside the initial pleadings. See Rogers v. Stratton Indus., Inc., 798 F.2d 913, 915 (6th Cir.1986) (per curiam). Dismissal was proper because there exists no genuine issue of material fact and defendants are entitled to judgment as a matter of law. See Fed.R.Civ.P. 56(c); Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988).
 
 
 4
 Material facts are not in dispute. Plaintiff was charged with minor misconduct for an unauthorized act, i.e., excessive noise, for yelling across a gallery to other prisoners. Following a disciplinary hearing, he was found guilty of the misconduct and confined for three days to "toplock."
 
 
 5
 Defendants are entitled to judgment as a matter of law because plaintiff received all the process that he was due. See Wolff v. McDonnell, 418 U.S. 539, 555-74 (1974). He received prompt notice, a hearing, an opportunity to present evidence in his defense, and a written statement of the reasons for the disciplinary decision. See id.
 
 
 6
 Jemison essentially maintained that the mandatory language of Mich.Comp. Laws Ann. § 791.251 creates a liberty interest for which the loss may be redressed under 42 U.S.C. § 1983. His argument lacks merit. The mandatory language of the statute is concerned exclusively with procedural requirements rather than the underlying substantive predicates. Jemison failed to state a claim of a constitutional deprivation even if he articulated a technical violation of state procedures. "Process is not an end in itself. Its constitutional purpose is to protect a substantive interest to which the individual has a legitimate claim of entitlement." Olim v. Wakinekona, 461 U.S. 238, 250 (1983).
 
 
 7
 Accordingly, the request for appointment of counsel is denied, and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.