995 F.2d 1066
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Walter CARPENTER, Plaintiff-Appellant,
v.
Gary SLUSHER; Gary Frodyman; Patrick Warren; Richard
Carl; Danny Nowacki; John Jungling; Marvin
Winn; Ray McClartey; John Makowski;
Eric J. Pelton, Defendants-Appellees.
 No. 92-1653.
 United States Court of Appeals, Sixth Circuit.
 March 9, 1993.
 
 1
 Before RALPH B. GUY, JR. and BOGGS, Circuit Judges, and BELL, District Court Judge.*
 
 ORDER
 
 2
 Walter Carpenter, a pro se Michigan state prisoner, appeals from the final order in this civil rights complaint filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Carpenter sought monetary relief in this action against nine employees of the Michigan Department of Corrections, alleging that he had been gassed and beaten on October 15, 1986, in violation of his Eighth Amendment rights, that he was held in a quiet cell from October 15 to October 29, 1986, in violation of his due process rights, and that on December 29, 1986, he was denied visitors, also in violation of his due process rights. A magistrate judge recommended that defendants' motion for summary judgment or dismissal be granted. The district court adopted this recommendation over Carpenter's objections, stating that it was dismissing the case as frivolous. In an earlier order, this court granted Carpenter's motion for in forma pauperis status on appeal.
 
 
 4
 Upon review, it is noted that although the district court stated that it was dismissing the case as frivolous, it had clearly considered affidavits and other matters outside the pleadings, and therefore the final order is construed as a summary judgment for the defendants. See Rogers v. Stratton Industries, Inc., 798 F.2d 913, 915 (6th Cir.1986) (per curiam). Summary judgment is proper where the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986).
 
 
 5
 Defendants were entitled to judgment as a matter of law on Carpenter's claims that he was denied due process in being held in a quiet cell and denied visitation. He alleged that these were randomly committed violations of state law, but did not plead or prove that state remedies were inadequate to address his complaints. See Parratt v. Taylor, 451 U.S. 527, 543-44 (1981); Barnier v. Szentmiklosi, 810 F.2d 594, 599-600 (6th Cir.1987).
 
 
 6
 After careful consideration, it is also concluded that defendants were entitled to judgment as a matter of law on Carpenter's claim of Eighth Amendment violations. Carpenter's conclusory statements were insufficient to refute defendants' affidavits and create genuine issues of material fact.
 
 
 7
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Robert Holmes Bell, U.S. District Judge for the Western District of Michigan, sitting by designation