23 F.3d 406
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 John DOE, Plaintiff-Appellant,
v.
Clarence THOMAS, et al.; Equal Employment Opportunity
Commission, Defendants-Appellees.
 No. 93-2204.
 United States Court of Appeals, Sixth Circuit.
 April 27, 1994.
 
 Before: MILBURN and GUY, Circuit Judges, and TIMBERS, Senior Circuit Judge.*
 
 ORDER
 
 1
 John Doe appeals a district court judgment dismissing his complaint in which he sought judicial review under the Administrative Procedure Act (APA), 5 U.S.C. Sec. 701, et seq., of the disposition of an age discrimination complaint he filed with the Equal Employment Opportunity Commission (EEOC). Plaintiff moves the court for oral argument and to waive the requirement of a joint appendix. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Plaintiff filed his complaint in the district court alleging that the EEOC arbitrarily and capriciously rejected a confidential complaint he filed against an unnamed "leading mid-western state university." Plaintiff named as defendants the EEOC and its chairman and sought only judicial review of the agency's processing of his Age Discrimination in Employment Act, 29 U.S.C. Sec. 633a, confidential complaint. Plaintiff sought leave to proceed anonymously as "John Doe" in order to avoid retaliation. The district court did not specifically grant leave but permitted plaintiff to proceed anonymously.
 
 
 3
 Defendants moved to dismiss the complaint for lack of jurisdiction and for failure to state a claim upon which relief can be granted. Plaintiff responded in opposition, defendants filed a reply, and plaintiff filed a further response. The district court granted defendants' motion and dismissed the complaint for lack of jurisdiction.
 
 
 4
 Generally, the dismissal of a complaint for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6) will be reviewed by this court de novo. Taxpayers United for Assessment Cuts v. Austin, 994 F.2d 291, 296 (6th Cir.1993). Similarly, the dismissal of a complaint for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1) will be reviewed by this court de novo. Duncan v. Rolm Mil-Spec Computers, 917 F.2d 261, 263 (6th Cir.1990); Moir v. Greater Cleveland Regional Transit Auth., 895 F.2d 266, 269 (6th Cir.1990). However, plaintiff has the burden of establishing jurisdiction after defendants challenge subject matter jurisdiction by filing a motion to dismiss. See Moir, 895 F.2d at 269; Rogers v. Stratton Indus., Inc., 798 F.2d 913, 915 (6th Cir.1986) (per curiam).
 
 
 5
 Upon consideration, we conclude that the dismissal of plaintiff's complaint was proper for the reasons stated in the district court's order filed August 27, 1993, granting defendants' motion to dismiss. Essentially, plaintiff cannot establish subject matter jurisdiction under the APA. See Gillis v. United States Dep't of HHS, 759 F.2d 565, 575 (6th Cir.1985).
 
 
 6
 Accordingly, the motion for oral argument is denied, the motion to waive the filing of a joint appendix is granted, and the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable William H. Timbers, Senior Circuit Judge, United States Court of Appeals for the Second Circuit, sitting by designation