33 F.3d 55
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Bob C. WARREN, Sr., Plaintiff-Appellant,
v.
CITY OF GRAND RAPIDS, Defendant-Appellee.
 No. 93-2217.
 United States Court of Appeals, Sixth Circuit.
 Aug. 3, 1994.
 
 1
 Before: MARTIN and SUHRHEINRICH, Circuit Judges, and JORDAN, District Judge.*
 
 ORDER
 
 2
 Bob C. Warren, Sr., appeals the dismissal of his civil complaint for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1). The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Warren filed his complaint in the district court alleging that his conviction and fine of $60 on a traffic offense of improper license plate registration was based upon a Grand Rapids police officer's false testimony. Warren sued only the defendant municipality and sought injunctive relief, $20,000 punitive damages and costs. The district court granted Warren leave to proceed in forma pauperis. Defendant moved the court to dismiss the complaint for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1), and Warren responded in opposition. Thereafter, Warren filed a motion for an immediate restraining order.
 
 
 4
 The district court denied plaintiff's motion for a restraining order, granted defendant's motion to dismiss for lack of subject matter jurisdiction, and denied plaintiff leave to appeal in forma pauperis. A timely Fed.R.Civ.P. 59 motion was denied. This timely appeal followed. The appeal was dismissed by this court for failure to prosecute after plaintiff failed to pay the filing fee, but was reinstated when plaintiff subsequently paid the filing fee.
 
 
 5
 On appeal, plaintiff reiterates his contention that his state court fine resulted from false testimony and contends that he has been victimized by corruption in a variety of state and federal court litigation. Upon consideration, we conclude that dismissal of plaintiff's complaint was proper for the reasons stated by the district court.
 
 
 6
 Generally, this court reviews de novo the dismissal of a complaint for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1). Duncan v. Rolm Mil-Spec Computers, 917 F.2d 261, 263 (6th Cir.1990); Moir v. Greater Cleveland Regional Transit Auth., 895 F.2d 266, 269 (6th Cir.1990). Plaintiff has the burden of establishing jurisdiction after defendants challenge subject matter jurisdiction by filing a motion to dismiss. See Moir, 895 F.2d at 269; Rogers v. Stratton Indus., Inc., 798 F.2d 913, 915 (6th Cir.1986) (per curiam). Here, plaintiff simply cannot establish either federal civil rights or habeas corpus subject matter jurisdiction.
 
 
 7
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Leon Jordan, U.S. District Judge for the Eastern District of Tennessee, sitting by designation