Brenda COBBS, Plaintiff–Appellant,

v.

Mike KATONA;  United States Postal Service, Defendants–Appellees.

No. 00–2071.

United States Court of Appeals,
Sixth Circuit.

April 27, 2001.

Before BOGGS and CLAY, Circuit Judges; GWIN, District Judge.*

Brenda Cobbs, a Michigan resident proceeding pro se, appeals a district court order dismissing her employment discrimination complaint filed pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e.  This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

* The Honorable James S. Gwin, United States District Judge for the Northern District of Ohio, sitting by designation.

On May 15, 2000, Cobbs filed a complaint against the United States Postal Service ("USPS") and Mike Katona, a USPS supervisor. Cobbs alleged that she was employed by the USPS at its Brighton, Michigan office as a rural carrier associate from October 29, 1994, until her termination on June 12, 1995. Cobbs, an African–American, alleged that during her employment, she was harassed, discriminated against, and ultimately terminated because of her race.

The defendants filed a motion to dismiss Cobbs's complaint, to which Cobbs responded. The district court granted the defendants' motion and dismissed the case as barred by the doctrines of issue and claim preclusion. Cobbs has filed a timely appeal.

■■■ We review de novo a district court's dismissal of a suit on issue or claim preclusion grounds. *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir.1995). Issue preclusion, or collateral estoppel, bars the relitigation of issues that have already been actually litigated and lost in a prior action. *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 77 n. 1, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984); *Hammer v. INS*, 195 F.3d 836, 840 (6th Cir.1999), *cert. denied*, 528 U.S. 1191, 120 S.Ct. 1247, 146 L.Ed.2d 105 (2000). Claim preclusion, or res judicata, bars a subsequent action between the same parties or their privies based upon the same claims or causes of action that were or could have been raised in a prior action. *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981); *Kane*, 71 F.3d at 560. A prior Fed.R.Civ.P. 12(b)(6) dismissal for failure to state a claim upon which relief may be granted operates as an adjudication on the merits for issue and claim preclusion purposes. *Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 917 (6th Cir.1986).

■■ Upon review, we conclude that the district court properly dismissed Cobbs's complaint in the instant action pursuant to the doctrines of issue and claim preclusion. *See Kane*, 71 F.3d at 560. On September 17, 1996, Cobbs filed a complaint in federal district court against the USPS and Katona, alleging employment discrimination on the basis of race. The district court dismissed that complaint for failure to state a claim upon which relief may be granted pursuant to Fed.R.Civ.P. 12(b)(6).

The prior 1996 action and the instant action involve the same parties in that Cobbs is the plaintiff and the USPS and Katona are the defendants. In addition, both actions are based upon the same facts, namely the termination of Cobbs's employment at the USPS in June 1995 and alleged events that occurred during her employment. Furthermore, the dismissal of Cobbs's prior lawsuit under Fed.R.Civ.P. 12(b)(6) constitutes an adjudication on the merits for purposes of issue and claim preclusion. *See Rogers*, 798 F.2d at 917. Thus, to the extent that the instant action reasserted the same issues as the prior 1996 suit, it is barred by issue preclusion. *See Migra*, 465 U.S. at 77 n.1, 104 S.Ct. 892; *Hammer*, 195 F.3d at 840. To the extent that the instant action raised new claims, it is barred by claim preclusion because such claims could have been raised in the 1996 lawsuit. *See Federated Dep't Stores, Inc.*, 452 U.S. at 398, 101 S.Ct. 2424; *Kane*, 71 F.3d at 560.

Accordingly, the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.