NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 09a0521n.06

Nos. 08-6013, 08-6106

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| JASON ANDREW JOHNSON, | 08-6013 | ) |
| | | ) |
| JOHN JAY HOOKER, | 08-6106 | ) |
| | | ) |
| Plaintiffs-Appellants, | | ) |
| | | ) ON APPEAL FROM THE UNITED |
| TENNESSEE CENTER FOR | | ) STATES DISTRICT COURT FOR |
| POLICY RESEARCH, | | ) THE MIDDLE DISTRICT OF |
| | | ) TENNESSEE |
| Plaintiff | | ) |
| | | ) |
| v. | | ) |
| | | ) |
| PHIL BREDESEN, *et al.*, | | ) |
| | | ) |
| Defendants-Appellees. | | ) |

FILED
Jul 28, 2009
LEONARD GREEN, Clerk

Before: COLE and ROGERS, Circuit Judges; BARRETT, District Judge.[*]

BARRETT, District Judge. Jason Andrew Johnson and John Jay Hooker appeal the district court's order dismissing of their challenge to the State of Tennessee's method of selecting and evaluating members of its supreme court. We affirm.

I.

_____

[*]The Honorable Michael R. Barrett, United States District Judge for the Southern District of Ohio, sitting by designation.

The plaintiffs are registered voters in Tennessee. (Record on Appeal ("ROA") Vol. I, p. 84; ROA Vol. 2, p. 176.) The plaintiffs brought their claims against Phil Bredesen, the current Governor of Tennessee, Robert E. Cooper, Jr., the current Tennessee Attorney General, and William M. Barker, Janice M. Holder, Gary R. Wade and Cornelia Clark, who are current or former Tennessee Supreme Court Justices. (ROA Vol. 1, p. 85.) The plaintiffs also brought their claims against the chairman and members of the Tennessee Judicial Selection Commission. (ROA Vol. 1, p. 85.)

In 1994, the General Assembly of Tennessee enacted a retention election plan for the Supreme Court of Tennessee and intermediate appellate courts ("The Tennessee Plan"). Appellants challenge section 17-4-116 of the statute, which was amended in 1999 to provide as follows:

> (a) If an incumbent appellate court judge, whether appointed or elected, fails to file a declaration of candidacy for election to an unexpired term or to a full eight (8) year term within the prescribed time, or if such judge withdraws as a candidate after receiving a recommendation "for retention" from the judicial evaluation commission and filing the required declaration of candidacy, then a vacancy is created in the office at the expiration of the incumbent's term effective September 1. In this event the judicial selection commission shall furnish a list of nominees for the office to the governor as provided by § 17-4-109. From such list, the governor shall appoint a successor to fill the vacancy effective September 1. The appointment is subject to the action of the electorate in the next regular August election. The appointee shall file a declaration of candidacy and be voted on as provided by §§ 17-4-114 and 17-4-115.
>
> (b) If the vacancy occurs more than thirty (30) days before the regular August election preceding the end of the term, the appointee is subject to election as provided in §§ 17-4-114 and 17-4-115.
>
> (c)(1) If a majority of those voting on the question vote in favor of electing the candidate, the candidate is duly elected to the office for the remainder of the unexpired term or a full eight (8) year term, as the case may be, beginning September 1, and the candidate shall be given a certificate of election.

(2) If a majority or one half (1/2) of those voting on the question vote against retaining the candidate in office, then the candidate may not take office on September 1, and a vacancy exists as of September 1 after the regular August election. The governor shall fill the vacancy from a group of three (3) nominees submitted by the judicial selection commission as provided in § 17-4-112.

(d) If the vacancy occurs less than thirty-one (31) days before the regular August election, the appointee will not be voted on in such election and will take office on September 1. The term of office will be as provided in § 17-4-112(b).

Tenn. Code Ann. § 17-4-116 (2008).

On August 31, 2006, the terms of Tennessee Supreme Court Justices E. Riley Anderson and Adolpho A. Birch, Jr. expired. (ROA Vol. I, p. 87.) Prior to the expiration of their terms, these justices announced that they did not intend to seek reelection or file a declaration of candidacy for another full eight-year term. (ROA Vol. I, p. 87.) Pursuant to the Tennessee Plan, the judicial selection commission nominated three candidates for each seat. (ROA Vol. I, p. 87-88.) Governor Bredesen then appointed Gary R. Wade and William C. Koch to fill the seats. (ROA Vol. I, pp. 87, 164.)

The plaintiffs argue that they were prohibited by the Tennessee Plan from voting in a popular election for candidates to fill the seats of Justices Anderson and Birch in violation of the Fourteenth Amendment of the United States Constitution and Article VI § 3 of the Tennessee Constitution. Hooker also argues that he was denied an opportunity to be a candidate for the Tennessee Supreme Court, but he has not pursued this claim on appeal.

The defendants moved to dismiss the plaintiffs' claims. In response, Johnson filed a motion for summary judgment along with a memorandum entitled "Memorandum in Support of Motion for Summary Judgment and in Response to Motion to Dismiss." (ROA Vol. 1, p. 163.) The motions

to dismiss and the motion for summary judgment were referred to the magistrate judge, who recommended granting the motions to dismiss. (ROA Vol. 1, pp. 209, 266.) The magistrate judge found that Johnson and Hooker lacked standing, had failed to state a Fourteenth Amendment Equal Protection claim, and did not have a property right to vote for members of the Tennessee Supreme Court in a popular election based upon the Tennessee Constitution. The magistrate judge also recommended denying as moot Johnson's motion for summary judgment in light of the recommendation granting the motions to dismiss. Over objections, the district court adopted the magistrate judge's report and recommendation. (ROA Vol. 1, pp. 466, 487.)

Hooker filed a motion to alter or amend the district court's order and a "Motion to Certify the Question of Constitutionality of T.C.A. § 17-4-116 to the Supreme Court or in the alternative a Motion under this Court's Pendant Jurisdiction to Address that Issue." (ROA Vol. 1, p. 477.) Johnson also filed a motion to alter or amend the district court's order. (ROA Vol. 1, p. 488.) The district court denied these motions. (ROA Vol. 1, p. 511.)

This appeal followed.

## II.

This Court reviews *de novo* a district court's decision to dismiss a case for lack of standing. *Courtney v. Smith*, 297 F.3d 455, 459 (6th Cir. 2002), *citing Am. Fed'n of Gov't Employees v. Clinton*, 180 F.3d 727, 729 (6th Cir. 1999).

## A.

As an initial matter, the plaintiffs argue that the district court should be reversed for failing to convert the motions to dismiss to motions for summary judgment. The plaintiffs state that certain

evidence was filed in response to the motions to dismiss, and was not excluded by the district court.

This evidence includes part of the legislative history of the Tennessee Plan, a proposal from the 1977

Tennessee Constitutional Convention, copies of returns of the Tennessee Constitutional Referendum

Election in March 7, 1978, historical documents related to election returns for members of the

Tennessee Supreme Court, newspaper articles publishing election returns, a copy of the complaint

filed in *DeLaney v. Thompson*, Davidson County Chancery Court, No. 98-1048-111, a report of the

American Judicature Society on Judicial Merit Selection, and an affidavit of Appellee Johnson.

(Joint Appx. Vol. 1, Exs. 1-28.)

Federal Rule of Civil Procedure 12(b) provides: "If, on a motion under Rule 12(b)(6) or

12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must

be treated as one for summary judgment under Rule 56. All parties must be given a reasonable

opportunity to present all the material that is pertinent to the motion.."

The district court did not dismiss the plaintiffs' claims pursuant to Rule 12(b)(6). While the

district court did find that the plaintiffs failed to state a claim under the Fourteenth Amendment, the

district court only reached this conclusion as an alternative to the finding that the court lacked

jurisdiction. Unlike a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court need not

convert a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) into one for

summary judgment when materials outside the pleadings are considered. *Rogers v. Stratton*

*Industries, Inc.*, 798 F.2d 913, 916 (6th Cir. 1986).

B.

Article III, § 2, of the Constitution limits federal jurisdiction to the resolution of "Cases" and "Controversies." The case-or-controversy requirement is satisfied only where a plaintiff has standing. *Sprint Communications Co., L.P. v. APCC Services, Inc.*, 128 S.Ct. 2531, 2535 (2008). To satisfy the standing requirement, "[a] plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *Allen v. Wright*, 468 U.S. 737, 751 (1984); *see also Valley Forge Christian College v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 472 (1982) (explaining that the "irreducible minimum" constitutional requirements for standing are proof of injury in fact, causation, and redressability).

The district court found that the plaintiffs lacked standing because the injuries of which they complain are "simply the consequences of following the appointment and retention plan for election of appellate court judges passed by the Tennessee legislature under . . . the Tennessee Plan." (ROA Vol. 1, p. 468.) The district court noted that the Tennessee Supreme Court had twice upheld the constitutionality of the Tennessee Plan. (ROA Vol. 1, p. 468.) However, the Supreme Court has cautioned that the threshold inquiry into standing "in no way depends on the merits of the plaintiff's contention that particular conduct is illegal." *Warth v. Seldin*, 422 U.S. 490, 500 (1975). The district court was thus required to put aside the issue of constitutionality of the Tennessee Plan, and instead consider whether the plaintiffs satisfied the standing requirement.

The Supreme Court has long held that a plaintiff does not have standing "to challenge laws of general application where their own injury is not distinct from that suffered in general by other taxpayers or citizens." *Hein v. Freedom From Religion Foundation, Inc.*, 127 S.Ct. 2553, 2562

(2007), *quoting ASARCO Inc. v. Kadish*, 490 U.S. 605, 613 (1989). This is because "[t]he judicial power of the United States defined by Art. III is not an unconditioned authority to determine the constitutionality of legislative or executive acts." *Id.*, *citing Valley Forge*, 454 U.S. at 471.

For example, in *Lance v. Coffman*, the Supreme Court found that four Colorado voters did not have standing to bring their claim that a clause of Colorado's Constitution, as interpreted by the Colorado Supreme Court, violated the Elections Clause of the U.S. Constitution. 549 U.S. 437, 441 (2007) (per curiam). The Supreme Court explained: "The only injury plaintiffs allege is that the law--specifically the Elections Clause--has not been followed. This injury is precisely the kind of undifferentiated, generalized grievance about the conduct of government that we have refused to countenance in the past." *Id.* at 442. The Court distinguished the alleged injury from "the sorts of injuries alleged by plaintiffs in voting rights cases where we have found standing." *Id.*, *citing Baker v. Carr*, 369 U.S. 186, 207-208 (1962) (finding voters had standing to challenge state apportionment statute under Equal Protection clause). The Court concluded that "[b]ecause plaintiffs assert no particularized stake in the litigation, we hold that they lack standing to bring their Elections Clause claim." *Id.*

The plaintiffs have not established an injury sufficient to confer standing. The plaintiffs have only alleged that the Fourteenth Amendment is not being followed, and have failed to assert a "particularized stake in the litigation." Therefore, the district court did not have jurisdiction over the plaintiffs' Fourteenth Amendment claims, and dismissal was proper.

C.

Finally, this Court reviews the district court's denial of the motions to alter or amend for abuse of discretion. *National Ecological Foundation v. Alexander*, 496 F.3d 466, 476 (6th Cir. 2007), *citing Perez v. Aetna Life Ins. Co.*, 150 F.3d 550, 554 (6th Cir. 1998) (en banc). However, to the extent that the motion to alter or amend was based on an erroneous legal doctrine, the standard of review is *de novo*. *Id.*

In ruling on the motions to alter or amend, the district court rejected the plaintiffs' arguments that the constitutionality of the Tennessee Plan is an open question in light of *DeLaney v. Thompson*, 982 S.W.2d 857 (Tenn. 1998). Because the district court lacked jurisdiction over the plaintiffs' claims, we affirm the denial of the motions to alter or amend.

The judgment of the district court is affirmed.