996 F.2d 1214
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Edward DURBIN, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 92-6658.
 United States Court of Appeals, Sixth Circuit.
 June 21, 1993.
 
 Before MERRITT, Chief Judge and GUY and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 Edward Durbin appeals the dismissal of his complaint filed under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671-80, for lack of subject matter jurisdiction. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). In addition, the government has specifically waived oral argument, and plaintiff has been deemed to have waived oral argument by failing to request oral argument pursuant to Rule 9(d), Rules of the Sixth Circuit.
 
 
 2
 Durbin filed his complaint in the district court alleging that he was injured by negligent medical treatment rendered at the University of Kentucky Medical Center at the direction of doctors at the Veterans Administration hospital in Lexington, Kentucky. The government moved to dismiss the complaint or for summary judgment, and plaintiff responded in opposition. The district court granted the government's motion to dismiss.
 
 
 3
 Upon careful consideration, we affirm the judgment of the district court for the reasons stated in its memorandum opinion and order filed October 30, 1992. Plaintiff has the burden of establishing jurisdiction after defendant challenges subject matter jurisdiction. See Moir v. Greater Cleveland Regional Transit Auth., 895 F.2d 266, 269 (6th Cir.1990); Rogers v. Stratton Indus., Inc., 798 F.2d 913, 915 (6th Cir.1986) (per curiam). Here, the acts alleged fall within the independent contractor exception to the FTCA. See United States v. Orleans, 425 U.S. 807, 813-14 (1976); Logue v. United States, 412 U.S. 521, 525-28 (1973). The question of whether conduct falls within a statutory exception has been deemed jurisdictional in nature. Dalehite v. United States, 346 U.S. 15, 31-32 (1953); Feyers v. United States, 749 F.2d 1222, 1225 (6th Cir.1984); cert. denied, 471 U.S. 1125 (1985); Schindler v. United States, 661 F.2d 552, 555 n. 4 (6th Cir.1981). Therefore, the district court correctly concluded that it lacked subject matter jurisdiction.
 
 
 4
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.