54 F.3d 776
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Jim ALLARD, Plaintiff-Appellant,
v.
Joseph ABRAMAJTYS, Warden; Kenneth McGinnis, Director,
Michigan Department of Corrections; S. Smitko, Chaplin,
L.R.F.; S. D'Ephifanio, A.D.W. Prisoner Programs; Michigan
Department of Corrections, Defendants-Appellees.
 No. 94-2161.
 United States Court of Appeals, Sixth Circuit.
 May 12, 1995.
 
 1
 Before: BOGGS and NORRIS, Circuit Judges, and SPIEGEL, District Judge.*
 
 ORDER
 
 2
 Jim Allard appeals a district court judgment dismissing his prisoner civil rights action filed under 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 3
 Allard filed his complaint in the district court alleging, inter alia, that Native Americans are denied weekly prayer meetings while other religious groups are permitted to meet weekly. Plaintiff named the defendant Michigan prison officials in unspecified capacities and sought injunctive relief and $500,000 compensatory damages. Defendants moved to dismiss the complaint or for summary judgment, and plaintiff filed an amended complaint in which he named defendants in their individual and official capacities and sought $1,000,000 from defendant McGinnis and $500,000 from each remaining defendant in compensatory and punitive damages. After plaintiff filed a motion for summary judgment or for a default judgment, the district court granted defendants' motion and dismissed the action. Thereafter, the district court granted plaintiff leave to proceed in forma pauperis on appeal.
 
 
 4
 On appeal, plaintiff contends that the district court: (1) improperly credited affidavits submitted by defendants; (2) misapplied Turner v. Safley, 482 U.S. 78 (1987); and (3) ignored his motions for summary judgment, default judgment and for a jury trial. Defendants respond that summary judgment for the defendants was proper. Upon consideration, we affirm the judgment for reasons somewhat different than those stated by the district court. See Russ' Kwik Car Wash, Inc. v. Marathon Petroleum Co., 772 F.2d 214, 216 (6th Cir. 1985) (per curiam).
 
 
 5
 First, the judgment will be reviewed as a grant of summary judgment because the district court considered affidavits submitted by defendants in granting its judgment. See Fugarino v. Hartford Life & Accident Ins. Co., 969 F.2d 178, 182 (6th Cir. 1992), cert. denied, 113 S. Ct. 1401 (1993); Rogers v. Stratton Indus., Inc., 798 F.2d 913, 915 (6th Cir. 1986) (per curiam). Generally summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to [a] judgment as a matter of law." Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir. 1988) (quoting Fed. R. Civ. P. 56(c)). Only factual disputes which may have an effect on the outcome of a lawsuit under substantive law are "material." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). To be "genuine," a dispute must involve evidence upon which a jury could find for the nonmoving party. Id. The burden is upon the moving party to show that "there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Thereafter, the nonmoving party must present significant probative evidence in support of the complaint to defeat the motion. Anderson, 477 U.S. at 249-50. The nonmoving party is required to show more than a metaphysical doubt as to the material fact. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Here, summary judgment for defendants was proper.
 
 
 6
 Essentially, plaintiff claims that adherents of Native American religions are allowed to meet every other week, while other religious groups are allowed to meet weekly. Defendants concede that they do not allow weekly meetings among those prisoners who practice Native American religions. However, they also state in their affidavits that the cause of this was a desire to allocate limited prison resources among prisoners as equitably as possible.
 
 
 7
 The Supreme Court has held that prison inmates retain certain basic constitutional rights, including, generally, the right to free exercise of a religion. Cruz v. Beto, 405 U.S. 319 (1972). However, the Court has also recognized that this right is not unlimited. The Supreme Court, in Cruz, held that "[w]e do not suggest, of course, that every religious sect or group within a prison--however few in number--must have identical facilities or personnel. A special chapel or place of worship need not be provided for every faith regardless of size; nor must a chaplain, priest, or minister be provided without regard to the extent of demand." Id. at 322 n.2. Thompson v. Kentucky, 712 F.2d 1078 (6th Cir. 1983). Simply alleging that a religious group is allowed to meet less often that others is insufficient to state a constitutional violation.
 
 
 8
 Nor does plaintiff allege any facts disputing the prison authorities' assertion that the policy of allowing fewer meetings among Native American worshippers stems from a combination of the plaintiff's security level and a lack of resources. Simply stated, plaintiff does not allege that he is punished for practicing his religion, or that he is proscribed from exercising his faith, only that he receives less meeting time than other religions; under Cruz and Thompson this is simply not enough.[1]
 
 
 9
 Under these circumstances, defendants met their burden of establishing a lack of evidence supporting plaintiff's claim. In response, plaintiff failed to show a genuine issue of material fact remaining for trial. See Anderson, 477 U.S. at 249-50. Accordingly, summary judgment for defendants was proper. Further, plaintiff's contentions on appeal are without factual basis and are without merit.
 
 
 10
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable S. Arthur Spiegel, United States District Judge for the Southern District of Ohio, sitting by designation
 
 
 [1]
 To the extent that some of the cancelled meetings involve the failure of a volunteer practitioner of Native American rituals to appear at the prison, the plaintiff offers no reason why this failure to appear should be held against the prison authorities