79 F.3d 1148
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Rebecca ELLIOTT, Plaintiff-Appellant,
v.
BURKHALTER & WINDLE, P.C.; Gwen Phillips, and husband
William R. Phillips, partners in a partnership
known as T & P Partnership d/b/a
Southern Skillet Company,
Defendants-Appellees.
 No. 95-5728.
 United States Court of Appeals, Sixth Circuit.
 March 15, 1996.
 
 Before: KEITH, NELSON and SILER, Circuit Judges.
 
 ORDER
 
 1
 Rebecca Elliott appeals a district court judgment dismissing her civil complaint for lack of subject matter jurisdiction. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Elliott filed her complaint pro se in the district court alleging that her former attorney coerced her into executing a settlement agreement in prior federal labor law litigation she filed by counsel against her former employer. In her pro se complaint, plaintiff sought $80,000 in unspecified damages and asked that the settlement agreement in the prior case be set aside. Defendants moved to dismiss the complaint or for summary judgment, and plaintiff responded in opposition. The district court granted defendants' motions and dismissed the complaint.
 
 
 3
 On appeal, plaintiff reiterates her contention that she was coerced to execute the settlement agreement in the prior litigation and moves this court to annul the settlement agreement. Appellees respond that the district court's judgment was proper, and appellees Gwen and William R. Phillips move the court to impose sanctions against plaintiff pursuant to Fed.R.App.P. 38. Upon consideration, the motions are denied, and the judgment of the district court is affirmed for the reasons stated by the district court in its memorandum filed May 5, 1995.
 
 
 4
 Generally, the dismissal of a complaint for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1) is reviewed by this court de novo. Duncan v. Rolm Mil-Spec Computers, 917 F.2d 261, 263 (6th Cir.1990); Moir v. Greater Cleveland Regional Transit Auth., 895 F.2d 266, 269 (6th Cir.1990). Plaintiff has the burden of establishing jurisdiction after defendants challenge subject matter jurisdiction by filing a motion to dismiss. See Moir, 895 F.2d at 269; Rogers v. Stratton Indus., Inc., 798 F.2d 913, 915 (6th Cir.1986) (per curiam). Here, plaintiff simply cannot establish any basis for federal subject matter jurisdiction. Further, the district court did not abuse its discretion in denying plaintiff relief insofar as her complaint can be construed as a Fed.R.Civ.P. 60(b) motion for relief from the agreed judgment entered in the prior litigation. See Lewis v. Alexander, 987 F.2d 392, 395-96 (6th Cir.1993). Finally, while appellees' motion for Fed.R.App.P. 38 sanctions is denied under the circumstances of this case, plaintiff is cautioned that sanctions may be imposed if further meritless appeals are taken.
 
 
 5
 Accordingly, the motions for miscellaneous relief and for sanctions are denied, and the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.