**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 30 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

TONY-ALEXANDER HAMILTON,

Plaintiff - Appellant,

v.

WYNN BARTHOLOMEW; JAMES L.
SHUMATE, Administrator for the
State of Utah; JAMES EMERY
ELDREDGE; DONALD ELDREDGE;
LYNN MAX LIMB; RANGER
ENTERPRISES, a Nevada
corporation; KENNETH YARDLEY,
Sheriff of the County of Beaver;
RAYMOND GOODWIN; JOHN
CHAMBERS, DAVID MOTT, CODY
BLACK, RUSSEL ERICKSON, MIKE
GILES, Deputies of the Department of
Sheriffs, County of Beaver; J. PHILIP
EVES, ROBERT T. BRAITHWAITE,
LYNN W. DAVIS, Administrators for
State of Utah, District of the Fourth;
LEO G. KANELL, County of Beaver,
Attorney for Prosecution; JUSTIN
WAYMENT, County of Beaver,
Assistant for the Attorney of
Prosecution; J. BRYAN JACKSON,
JOHN O. CHRISTIANSEN, Attorneys
for the State of Utah; DON CARROL,
Bailiff for the County of Beaver;
BEAVER COUNTY; HELEN
CHRISTIANSEN, Deputy of the office
of the Clerk for the County of Beaver;

No. 98-4224

(D. Utah)

(D.C. No. 98-CV-381-L)

PAUL B. BARTON, Clerk of the
Court for the County of Beaver;
BRUCE S. JENKINS, Administrator
for the District Court for the United
States; DAN R. LARSEN, Assistant
for the Attorney General, State of
Utah; KARRA J. PORTER, Attorney
for the State of Utah; RUSSELL G.
WORKMAN; G. RAND BEACHAM,

Defendants - Appellees.

---

**ORDER AND JUDGMENT** [*]

---

Before **ANDERSON, KELLY** and **BRISCOE,** Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument.

Plaintiff Tony-Alexander:Hamilton filed this action, apparently grounded in
42 U.S.C. §§ 1983 and 1985, against the named defendants, all of whom played

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

some part in Hamilton's eviction from a parcel of property located in Beaver County, Utah. The district court [1] dismissed Hamilton's claims against the judicial defendants [2] on absolute immunity grounds, dismissed Hamilton's claims against Dan R. Larsen, Assistant Attorney General for the State of Utah, for failure to state a claim, and entered summary judgment in favor of the remaining defendants [3] on res judicata grounds. For the reasons stated below, we affirm.

---

[1]Although this case originated in Utah, the federal district judges for the District of Utah recused themselves from the case because one of them, Senior District Judge Bruce S. Jenkins, is a named defendant. In June 1998, we designated United States District Judge Timothy D. Leonard of the Western District of Oklahoma to preside over the case.

[2]The judicial defendants are Senior United States District Judge Bruce S. Jenkins, and Utah state court judges J. Philip Eves, Robert T. Braithwaite, Lynn W. Davis, James L. Shumate, and G. Rand Beacham.

[3]The remaining defendants are Beaver County Sheriff Kenneth Yardley; Deputy Beaver County Sheriffs Mike Giles, Raymond Goodwin, John Chambers, David Mott, Cody Black, and Russel Erickson; Beaver County Attorney Leo G. Kanell; assistant prosecutor Justin Wayment; Court Clerk Paul B. Barton; Deputy Court Clerk Helen Christiansen; bailiff Don Carrol; Hamilton's appointed standby counsel J. Bryan Jackson and John O. Christiansen; Ranger Enterprises, the company that purchased the land in question; Ranger attorney Wynn Bartholomew; James and Donald Eldredge and Lynn Max Limb, who are affiliated with Ranger; attorneys Karra Porter and Russell Workman, who represented Hamilton's opponents in previous litigation; and Beaver County itself.

## BACKGROUND

In June 1994, Ranger Enterprises ("Ranger") purchased a parcel of land in Beaver County, Utah. Ranger purchased the land from Beaver County at a tax sale. The parcel had been obtained by the county in 1986 because the owners of the parcel had failed to pay property taxes. The occupants of the parcel were a religious organization known as the Immanuel Foundation and its adherents, one of whom, apparently, is Hamilton. Upon purchasing the parcel, Ranger initiated proceedings to quiet title to the parcel in its name. Ranger obtained a judgment quieting title in its favor in 1996.

Soon after obtaining the judgment quieting title, Ranger obtained an order from defendant Judge James L. Shumate directing all persons other than Ranger claiming an interest in the property to vacate the premises. Hamilton refused to leave the property. On July 21, 1996, more than one month after the issuance of the order, defendants James and Donald Eldredge, who were affiliated with Ranger, went out to the property. There they discovered that the entrances to the property had been barricaded and locked. After forcibly removing the barricades, the Eldredges proceeded to a house on the parcel and found Hamilton there. Hamilton refused to leave, and a skirmish ensued, the details of which are unclear from the record. Criminal assault charges were filed against the Eldredges, but

prosecutors were unable to proceed because they were unable to contact Hamilton to obtain his cooperation.

In August 1996, Ranger's attorney, defendant Bartholomew, issued a notice to the Immanuel Foundation and its adherents, including Hamilton, and any other persons claiming an interest in the parcel, that any personal property not removed from the parcel by September 28, 1996, would be sold on that date. On September 28, 1996, Hamilton was still living on the property, and refused to accede to further requests that he leave. He was arrested for criminal trespass and interference with an arresting officer, and the sale proceeded as planned. Defendant Kanell prosecuted the criminal trespass case, various parts of which were conducted before defendants Judges J. Philip Eves and Robert T. Braithwaite. The court appointed defendants Jackson and John O. Christiansen as Hamilton's standby counsel. Hamilton was tried in November 1996.

On March 14, 1997, Hamilton filed suit in state court against James Eldredge, Donald Eldredge, and Lynn Max Limb. The defendants in that case, rather than answering the complaint, filed a motion for a more definite statement. On May 1, 1997, because the defendants had not yet answered, Hamilton filed a motion for default judgment, and attempted to have default entered against the defendants. However, defendants Helen Christiansen and Barton, court clerks, refused to sign the default judgment. On August 12, 1997, defendant Beacham

granted defendants' motion for a more definite statement. The record does not reflect the final disposition of this lawsuit.

On May 9, 1997, Hamilton filed suit in the United States District Court for the District of Utah, seeking damages for alleged violations of his constitutional rights. Hamilton sued the following parties, each of whom is also a defendant in this case as well: Sheriff Yardley and Deputy Sheriffs Goodwin, Chambers, Mott, Black, Erickson, and Giles; Judges Eves, Braithwaite, and Davis; Beaver County Attorney Kanell and Deputy County Attorney Wayment; standby counsel Jackson and Christiansen; bailiff Carrol; and Beaver County itself. In his complaint, Hamilton alleged that his rights had been violated by Yardley and his deputies on September 28, 1996; by Goodwin, Eves, Carrol, and Kanell at his October 2, 1997, arraignment; by Goodwin, Braithwaite, Carrol, Kanell, and Jackson at his October 25, 1996, court appearance; and by Goodwin, Braithwaite, Carrol, Kanell, Jackson, Wayment, Christiansen, and the County at his trial in November 1996. This suit was eventually dismissed by defendant Jenkins on July 14, 1997, for failure to state a claim upon which relief could be granted. Judge Jenkins also granted defendants' motion for Rule 11 sanctions against Hamilton.

In April 1998, Hamilton filed this lawsuit in state court in Beaver County. Hamilton named as defendants each of the parties he had sued in the earlier (now dismissed) federal suit, as well as the following new parties: Ranger and its

attorney Bartholomew; court clerks Barton and Helen Christiansen; Judges Beacham, Shumate and Jenkins; and attorneys Larsen, Porter, and Workman, who had represented various defendants in Hamilton's first federal suit and/or his state civil suit. The state judge defendants (along with attorney Larsen) filed a motion to dismiss the case, on grounds of immunity, as well as a motion for Rule 11 sanctions. Judge Jenkins removed the case to federal court on May 27, 1998, whereupon he filed a motion to dismiss on immunity grounds. On July 6, 1998, the remaining defendants filed a motion for summary judgment, asserting that the doctrine of res judicata barred Hamilton's claims against them.

On December 1, 1998, the district court granted the judicial defendants' motions to dismiss on immunity grounds, granted Larsen's motion to dismiss for failure to state a claim upon which relief could be granted, and granted the other defendants' motion for summary judgment. The court denied defendants' motions for Rule 11 sanctions.

Hamilton now appeals from the order of the district court disposing of his claims against the various defendants.

## DISCUSSION

## I.    The Judicial Defendants

The district court correctly dismissed Hamilton's claims against the judicial defendants. Hamilton's claims against each of the judges, both state and federal, are based entirely on their rulings on judicial matters. Judges performing judicial functions, as these judges were doing, are entitled to absolute immunity from suit. See Hunt v. Bennett , 17 F.3d 1263, 1266 (10th Cir. 1994); see also Stump v. Sparkman , 435 U.S. 349, 356-57 (1978). The only exception to this rule is in cases where the judge "acts 'in the clear absence of all jurisdiction.'" Hunt , 17 F.3d at 1266 (quoting Sparkman , 435 U.S. at 356-57). Judges who are performing "a function normally performed by a judge" and "in their judicial capacity" are not acting in the clear absence of all jurisdiction. Hunt , 17 F.3d at 1266. Accordingly, the district court correctly dismissed all claims against the judicial defendants.

## II. Defendant Larsen

The district court dismissed Hamilton's claims against defendant Larsen because it held that Hamilton's complaint failed to state a claim against Larsen upon which relief could be granted. The district court stated that "[Hamilton's] complaint contains no factual allegations—conclusory or otherwise—regarding Larsen; as such, the complaint fails to state a claim against him." II R. Doc. 49, at 8. The only reference to Larsen in the complaint or in any of the other

voluminous documents Hamilton has filed with the district court is the following

opaque reference in the complaint:

> ON THE 9TH DAY OF MAY, 1997, FOR REDRESS OF
> GRIEVANCE A.O.A.C.u.S. I, THE PETITIONER FILED A CIVIL
> ACTION IN THE COURT OF THE DISTRICT OF THE FEDERAL,
> STATE OF UTAH, INCORPORATED CASE # 97-CV-0371J, Tony-
> Alexander:Hamilton V. Yardley etc.  ASSIGNED FOR
> ADMINISTRATOR [JUDGE] Bruce- S. Jenkins, ON THE 7TH DAY
> OF JULY, 1997, WITHOUT DUE PROCESS OF LAW, BY
> VIOLATING A.O.A.C.u.S. #I REDRESS OF GRIEVANCES, #V
> DUE PROCESS, AND #VII TRIAL BY JURY, AND IN
> VIOLATION OF THE ACT OF CONGRESS ON THE 13TH DAY
> OF JULY 1787, AND ADOPTED ON THE 7TH DAY OF AUGUST,
> 1789 AND CALLED THE NORTHWEST ORDINANCE, BY
> GRANTING THE PEOPLE OF THE united STATES A TRIAL     BY
> JURY OF PEERS , BY THE A.O.A.C.u.S. #V11, BY TITLE 28
> U.S.C. F.R.C.P. 38(a) AND VIOLATING THE U.C.C. CONTRACT
> THE PETITIONER HAVING WITH THE COURT,     BY
> DISMISSING OF THE COMPLAINT   BY THE ADMINISTRATOR
> [JUDGE] Bruce-S. Jenkins AND FURTHERANCE (WITHOUT
> STOPPING) BY STATE OF UTAH ASSISTANT- ATTORNEY-
> GENERAL Dan-R. Larsen, BY ATTORNEYS FOR THE STATE OF
> UTAH Kara-J. Porter, AND Russell-G. Workman, BY VIOLATING
> THE GOD GIVEN RIGHTS   PROTECTED BY THE
> CONSTITUTION FOR THE united STATES OF AMERICA     BY
> THE RESPONDENTS NAMED ABOVE IN PARAGRAPH (12).

I R. Doc. 1, 1st Attachment at 15-16.

Even construing this pro se litigant's pleadings liberally, as we must,     see

Haines v. Kerner , 404 U.S. 519, 520-21 (1972), we cannot see any factual

allegation in the quoted paragraph that would support a claim against defendant

Larsen.  At best, Hamilton seems to be arguing that Larsen's participation in

Judge Jenkins' dismissal ruling somehow violated his constitutional rights.  On

-10-

this record, we have no indication of how Larsen may have contributed to the violation of Hamilton's rights. Even construed liberally, the complaint contains only the most conclusory allegation of wrongdoing on the part of Larsen. More is required in order to survive a Rule 12(b)(6) motion. See Maher v. Durango Metals, Inc., 144 F.3d 1302, 1304 (10th Cir. 1998); Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). The district court did not err in determining that Hamilton has stated no claim against Larsen upon which relief could be granted; therefore, the district court correctly dismissed Hamilton's claims against Larsen under Fed. R. Civ. P. 12(b)(6). [4]

## III.    The Remaining Defendants

The district court dismissed Hamilton's claims against the remaining defendants by granting those defendants' motion for summary judgment on res judicata grounds. Res judicata "precludes a party or its privies from relitigating issues that were or could have been raised in an earlier action, provided that the earlier action proceeded to a final judgment on the merits." King v. Union Oil

---

[4]Hamilton's claims against Larsen are suspect for an additional reason. At least one other circuit has held that assistant attorneys general are "absolutely immune from claims related to their advocacy functions in defending state officers in civil rights suits." McConnell v. King, 42 F.3d 471, 472 (8th Cir. 1994); see also Murphy v. Morris, 849 F.2d 1101, 1105 (8th Cir. 1988). Because there is no law in this circuit on this issue, however, we do not pursue this avenue further.

Co., 117 F.3d 443, 445 (10th Cir. 1997). "A claim is barred by res judicata if three elements exist: (1) a final judgment on the merits in the prior suit; (2) the prior suit involved identical claims as the claims in the present suit; and (3) the prior suit involved the same parties or their privies." Satsky v. Paramount Communications, Inc., 7 F.3d 1464, 1467 (10th Cir. 1993).

The district court correctly entered summary judgment on res judicata grounds with respect to the defendants actually sued in Hamilton's first federal action. Those defendants are: Yardley, Goodwin, Chambers, Mott, Black, Erickson, Giles, Eves, Braithwaite, Davis, Kanell, Wayment, Jackson, John O. Christiansen, Carrol, and Beaver County. I R. Doc. 1, Tab B, Ex. A. The claims Hamilton mounted against those defendants in the earlier action are identical to the claims he asserts against them in this lawsuit, and the earlier lawsuit was disposed of on a Rule 12(b)(6) motion. See Rogers v. Stratton Indus., Inc., 798 F.2d 913, 917 (6th Cir. 1986) (stating that "Rule 12(b)(6) judgments are dismissals on the merits"); see also 18 Charles Alan Wright et al., Federal Practice and Procedure § 4439 (1981).

Thus, all that remains are Hamilton's claims against new defendants Bartholomew, James and Donald Eldredge, Ranger, Limb, Helen Christiansen, Barton, Porter, and Workman. Res judicata does not bar Hamilton's claims against these parties, because they were not parties, or privies to parties, involved

in any of Hamilton's previously adjudicated lawsuits. [5] However, we can affirm the district court's ultimate dismissal of these claims on any ground supported by the record, see United States v. Sandoval, 29 F.3d 537, 542 n.6 (10th Cir. 1994), and we think Hamilton's claims against these parties fail as a matter of law under Rule 12(b)(6). Although these defendants apparently did not file a Rule 12(b)(6) motion before the district court alleging that Hamilton's complaint against them failed to state a claim upon which relief could be granted, "sua sponte invocation of Rule 12(b)(6) on appeal may be appropriate in those rare instances in which a plaintiff cannot recover on the complaint because of a dispositive issue of law." Gregory v. United States/United States Bankr. Court, 942 F.2d 1498, 1500 (10th Cir. 1991); see also Hall v. Bellmon, 935 F.2d at 1110 (stating that "a court may dismiss sua sponte [under Rule 12(b)(6)] 'when it is "patently obvious" that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile'" (citations omitted)).

Hamilton's complaint states no claim against these remaining defendants upon which relief could be granted. Defendants Bartholomew, James and Donald Eldredge, Ranger, Limb, Porter, and Workman are not state actors and cannot be

---

[5]James and Donald Eldredge and Lynn Max Limb were named as defendants in Hamilton's state court civil lawsuit, described above. However, as noted above, the record does not reflect the ultimate disposition of that lawsuit, and we therefore have no way of knowing whether the lawsuit was resolved in the defendants' favor, and, if so, if the disposition was on the merits.

said to have acted under color of state law. See West v. Atkins , 487 U.S. 42, 48 (1988) (stating that "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law"). And Hamilton's claims against the court clerks—that they violated his constitutional rights by failing to sign his default judgment—are without merit as a matter of law.

Therefore, Hamilton's claims against all remaining defendants fail.

## CONCLUSION

The district court's dismissal of Hamilton's claims against the judicial defendants and attorney Larsen is AFFIRMED. The district court's ultimate dismissal of Hamilton's claims against the remaining defendants is AFFIRMED.

ENTERED FOR THE COURT

PER CURIAM