Alexia WILDE, DVM, Plaintiff—
Appellant,

v.

OHIO VETERINARY MEDICAL LI-
CENSING BOARD; Warren Amling,
DVM; Ann Baker, DVM; Keith Bur-
get, DVM; Raymond Fournier;
George Norris, DVM; Emily Walton,
DVM; James Thompson, Investigator,
Defendants—Appellees.

No. 00–3740.

United States Court of Appeals,
Sixth Circuit.

Feb. 21, 2002.

Before DAUGHTREY, GILMAN, and
GIBSON,* Circuit Judges.

GIBSON, Circuit Judge.

After conducting a three-day hearing,
the Ohio Veterinary Medical Licensing
Board determined that veterinarian Alexia
Wilde had violated numerous rules relating
to the practice of veterinary medicine and
revoked her license. Claiming due process
violations, Wilde appealed this decision to
the state trial court, which affirmed the
Board's decision. *Wilde v. Ohio Veteri-
nary Med. Licensing Bd.*, No. 97 Civ. 778
(Ohio Ct.Com.Pl. Feb. 20, 1998). The
state appellate court affirmed the trial
court, concluding that Wilde had waived
her due process claim. *Wilde v. Ohio
Veterinary Med. Licensing Bd.*, Nos.
98CA00138, 98CA00025, 1999 WL 976224
(Ohio Ct.App. Oct.1, 1999). The Ohio Su-
preme Court dismissed the case as not
involving any substantial constitutional
questions. *Wilde v. Ohio Veterinary Med.*

---

* The Honorable John R. Gibson, United States
  Circuit Judge for the Eighth Circuit, sitting by
  designation.

*Licensing Bd.,* 88 Ohio St.3d 1412, 723 N.E.2d 118 (Ohio 2000) (table). Wilde then filed an action in federal district court pursuant to 42 U.S.C. § 1983 (Supp. IV 1998), claiming that the Board violated her rights to due process and equal protection. Upon the Board's motion, the district court[1] determined that it lacked subject matter jurisdiction pursuant to the *Rooker–Feldman* doctrine, *see Dist. of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923), and dismissed the complaint with prejudice at Wilde's costs. Wilde appeals, and we affirm.

### I.

We review the district court's resolution of factual disputes for clear error, but review its application of the law *de novo. RMI Titanium Co. v. Westinghouse Elec. Corp.,* 78 F.3d 1125, 1135 (6th Cir.1996).

Under the *Rooker–Feldman* doctrine, federal district courts do not have subject matter jurisdiction over claims seeking review of final state-court judgments. *Feldman,* 460 U.S. at 482, 103 S.Ct. 1303; *Rooker,* 263 U.S. at 416, 44 S.Ct. 149. If a competent state court having jurisdiction has rendered a judgment and the case has been appealed through the state-court system, then the only avenue for the correction of constitutional errors is the appellate jurisdiction of the United States Supreme Court. *Feldman,* 460 U.S. at 482, 103 S.Ct. 1303. The doctrine applies to claims that are "inextricably intertwined" with the state court's determinations. *Catz v. Chalker,* 142 F.3d 279, 293 (6th Cir.1998). As Justice Marshall explained in his concurrence in *Pennzoil Co. v. Texaco, Inc.:*

[A] federal claim is inextricably intertwined with the state-court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issue before it. Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment.

481 U.S. 1, 25, 107 S.Ct. 1519, 95 L.Ed.2d 1 (1987) (Marshall, J., concurring in judgment).

In her brief to this court, Wilde maintains that she did not have the opportunity to bring her due process claim before the state courts because those proceedings were appellate reviews of the Board's decision, limited to the record presented by the Board and applying an abuse of discretion standard. The truth is she did raise those arguments, and the state courts were permitted to consider additional evidence as well as arguments that the proceedings were unlawful. *See* Ohio Rev. Code Ann. § 119.12 (Anderson 2001) ("The court may affirm the order of the agency complained of in the appeal if it finds, upon consideration of the entire record and such additional evidence as the court has admitted, that the order is supported by reliable, probative, and substantial evidence and is in accordance with law."). The state courts here did consider her due process claim. *See, e.g., Wilde,* No. 97 Civ. 778, slip op. at 1 (Ohio Ct.Com.Pl. Feb. 20, 1998) ("[T]he Court finds the decision [of the Board] ... does not violate [Wilde's] due process rights.").

■ Wilde in fact concedes that the state courts considered her due process

---

1. The Honorable James L. Graham, United States District Judge for the Southern District of Ohio.

claim when she goes on to enumerate all of the ways in which the state courts' analysis of that claim was deficient. What this amounts to is a request that this court do exactly what the *Rooker–Feldman* doctrine prohibits. Because federal relief on Wilde's due process claim can only be predicated upon a conviction that the state courts were wrong, the federal proceeding is essentially an appeal of the state-court judgment; this is prohibited under *Rooker–Feldman*. The district court was thus correct in concluding that Wilde's due process claim was "inextricably intertwined with the rulings of the state courts." *Wilde v. Ohio Veterinary Medical Licensing Board*, No. C2–99–1327, slip op. at 12 (S.D.Ohio May 10, 2000).

■ As to Wilde's equal protection claim, Wilde cannot escape *Rooker–Feldman* by raising in federal court a gender discrimination claim that she could have raised in state court. *See Valenti v. Mitchell*, 962 F.2d 288, 296 (3d Cir.1992) ("We reject the argument that since they never raised, and the Supreme Court of Pennsylvania never considered, their First Amendment challenges, *Rooker–Feldman* cannot bar them from pursuing these claims in federal court. They each had an opportunity to raise a first amendment challenge and failed to do so."). Wilde maintains that she had no meaningful opportunity to raise her equal protection claim in state court because "the claim that her gender was a factor in the Board's decision to revoke her license only accrued when the Board made its decision." But her state court appeals took place after the Board made its decision and, as discussed above, § 119.12 permits a reviewing court to "grant a request for the admission of additional evidence when satisfied that such additional evidence is newly discovered and could not with reasonable diligence have been ascertained prior to the hearing

before the agency." Thus, upon receiving the Board's determination, Wilde was in possession of the alleged evidence of discrimination and could have asked the state court to admit it. *Cf. Feldman*, 460 U.S. at 484 n. 16, 103 S.Ct. 1303 ("By failing to raise his claims in state court a plaintiff may forfeit his right to obtain review of the state-court decision in any federal court."). Wilde has presented no evidence that she attempted to avail herself of this statutory provision. *Cf. Rogers v. Stratton Industries, Inc.*, 798 F.2d 913, 915 (6th Cir.1986) ("[W]here subject matter jurisdiction is challenged under Rule 12(b)(1), as it was here, the *plaintiff* has the burden of proving jurisdiction in order to survive the motion."). There was no error in the district court's finding that Wilde "had the opportunity to raise all of her constitutional claims in the state court." *Wilde*, No. C2–99–1327, slip op at 13 (S.D.Ohio May 10, 2000).

## II.

We affirm the order of the district court.