**Walter ZEROD; Elgie Zerod, Plaintiffs–Appellants,**

v.

**William J. CAPRATHE; David H. Sawyer; William B. Murphy; E. Thomas Fitzgerald; Scott J. Newcombe; Bennett D. Shulman; Judith B. Shulman; H. Michael Dwan; Joel Luethjohan; L.R. Nielsen; Jeanette Neitzel; Maura D. Corrigan; J. Richard Ernest; Roberta Roe; Jane Doe, Defendants–Appellees.**

No. 03–1250.

United States Court of Appeals, Sixth Circuit.

Sept. 19, 2003.

Walter Zerod, Elgie Zerod, Bay City, MI, for Plaintiffs–Appellants.

Scott C. Strattard, Braun, Kendrick & Finkbeiner, Saginaw, MI, James T. Farrell, Office of the Attorney General, Tort Defense Division, and Michael C. Levine, Fraser, Trebilcock, Davis & Foster, Lansing, MI, for Defendants–Appellees.

Before SILER, BATCHELDER, and COOK, Circuit Judges.

*ORDER*

Walter and Elgie Zerod, pro se Michigan residents, appeal a district court judg-

ment dismissing their civil rights complaint filed pursuant to 42 U.S.C. §§ 1981, 1982, 1983, 1985(3), and 1986. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary and injunctive relief, the Zerods sued several Michigan state court judges and county officials, two private citizens, and an attorney attacking the state judicial process that determined that the Zerods did not own real property which they had lost due to the nonpayment of taxes. The district court subsequently dismissed the complaint for lack of jurisdiction under the *Rooker–Feldman* doctrine. *See Dist. of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fid. Trust Co.,* 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923). The Zerods then filed a motion for reconsideration under Fed.R.Civ.P. 59 which the district court subsequently denied.

In their timely appeal, the Zerods argue that their case is about withholding evidence and materials in violation of federal law. Their case is not an attack on the state judicial proceedings. They claim that the actions of the state judges were a "shame and a nullity." The Zerods contend that the *Rooker–Feldman* doctrine is not applicable to their case as they are not claiming that the state court judgment itself violated federal law. Rather, they are challenging the process which resulted in the judgment. Finally, the Zerods contend that the state judges did not have Eleventh Amendment immunity and that the district court failed to address the question of the constitutionality of Michigan's property tax act.

The district court's judgment is reviewed de novo. *See Rich v. United States,* 119 F.3d 447, 449 (6th Cir.1997). Where jurisdiction is challenged under Fed.R.Civ.P. 12(b)(1), the plaintiff bears the burden of proving jurisdiction in order to survive the motion. *Rogers v. Stratton, Indus., Inc.,* 798 F.2d 913, 915 (6th Cir. 1986).

The facts establish that Walter and Elgie Zerod owned property at 2101 South Jefferson in Bay City, Michigan. They alleged in their complaint that they were unable to pay their 1991 property taxes on the parcel and that the property was sold at a 1994 tax sale to the defendants Bennett and Judith Shulman. The Zerods contend that they did not receive certain statutory notices of delinquency and certain redemption periods as required by state law. They allege that the county treasurer was responsible for issuing the notices and that sheriff's deputies were responsible for serving them.

The Shulmans filed a quiet title action on July 19, 1996. They were represented in that case by defendant H. Michael Dwan, a Michigan attorney. The case was assigned to Circuit Judge William J. Caprathe, who decided the quiet title action in the Shulmans' favor. The Zerods appealed the decision to the Michigan Court of Appeals on July 1, 1999. The circuit court's judgment was affirmed on appeal. The Zerods then filed a timely appeal with the Michigan Supreme Court on April 11, 2001. The Michigan Supreme Court denied leave to appeal.

During the appeal process, the Shulmans filed suit for possession of the property. On January 31, 2000, the Shulmans were granted possession of the property and the Zerods appealed that decision on March 30, 2000. The appeal was again assigned to Judge Caprathe who denied the appeal. The Michigan Court of Appeals and the Michigan Supreme Court denied the Zerods leave to file appeals.

The district court properly dismissed the complaint for lack of subject matter jurisdiction under the *Rooker–Feldman* doctrine. The *Rooker–Feldman* doctrine is a combination of the abstention and res judicata doctrines. It stands for the proposition that a federal district court may not hear an appeal of a case already litigated in state court. A party raising a federal question must appeal a state court decision through the state system and then directly to the Supreme Court of the United States. *See Feldman,* 460 U.S. at 476, 103 S.Ct. 1303; *Rooker,* 263 U.S. at 415–16, 44 S.Ct. 149. Even though the Zerods raise their claims under various federal statutes, federal courts must still give full faith and credit to the judicial proceedings of state courts. *See Migra v. Warren City Sch. Dist. Bd. of Educ.,* 465 U.S. 75, 85, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984). Thus, the Zerods cannot invoke federal jurisdiction by couching their claims against the various defendants in terms of a civil rights action. *See Ritter v. Ross,* 992 F.2d 750, 754 (7th Cir.1993). As the Zerods contend that their state action was improperly processed in violation of federal law, the Zerods' federal suit is intertwined with the decisions of Michigan's courts. Thus, under the *Rooker–Feldman* doctrine, the district court lacked jurisdiction to hear the Zerods' complaint. *See Feldman,* 460 U.S. at 486, 103 S.Ct. 1303; *Rooker,* 263 U.S. at 415–16, 44 S.Ct. 149.

As the district court lacked jurisdiction to entertain the Zerods' complaint, the Zerods' remaining arguments are moot. The evidence establishes that the Zerods litigated their title action within the state courts of Michigan. As such, the district court simply did not have jurisdiction to entertain the complaint. Therefore, whether the district court erred in addressing or not addressing a particular issue is irrelevant as the district court lacked authority to entertain the complaint.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.