**William E. SMITH, Plaintiff–Appellant,**

v.

**LAWRENCE COUNTY SHERIFF'S DEPARTMENT, et al., Defendants–Appellees.**

No. 03–3786.

United States Court of Appeals, Sixth Circuit.

Dec. 10, 2003.

William E. Smith, pro se, Caldwell, OH, for Plaintiff–Appellant.

Randall Lee Lambert, Patricia Sanders, Lambert, McWhorter & Bowling, Ironton, OH, for Defendant–Appellees.

Before COLE and CLAY, Circuit Judges; and COLLIER, District Judge.*

### ORDER

William E. Smith, a *pro se* Ohio prisoner, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary, declaratory, and injunctive relief, Smith sued the Lawrence County Sheriff's Department, the Lawrence County sheriff, the chief deputy sheriff, and the jail administrator. Smith alleged that he had been deprived of the ability to defend himself in a pending criminal proceeding. He stated that the county officials failed to provide him with legal research materials.

Smith had previously filed a complaint in the Common Pleas Court in Lawrence County, Ohio. Smith named the same defendants and raised the same arguments which he presented in his federal complaint. The state court dismissed Smith's complaint for failure to state a claim. The dismissal was affirmed on direct appeal and the Ohio Supreme Court declined jurisdiction.

The case was referred to a magistrate judge who recommended dismissing the case under *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923) and *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). The magistrate judge also noted that the complaint was barred on *res judicata* grounds. Smith objected to the recommendation. Upon *de novo* review, the district court adopted the magistrate judge's report and dismissed the case for lack of subject matter jurisdiction.

On appeal, Smith argues the merits of his complaint and asserts that the *Rooker–Feldman* doctrine and the doctrine of *res judicata* are unconstitutional.

The district court's judgment is reviewed *de novo*. *See Rich v. United States*, 119 F.3d 447, 449 (6th Cir.1997). Where jurisdiction is challenged under Fed.R.Civ.P. 12(b)(1), the plaintiff bears the burden of proving jurisdiction in order to survive the motion. *Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 915 (6th Cir. 1986).

■ The district court properly dismissed the complaint for lack of subject matter jurisdiction under the *Rooker–Feldman* doctrine. The *Rooker–Feldman* doctrine is a combination of the abstention and *res judicata* doctrines. It stands for the proposition that a federal district court may not hear an appeal of a case already litigated in state court. A party raising a federal question must appeal a state court decision through the state system and then directly to the Supreme Court of the United States. *See Feldman*, 460 U.S. at 476, 103 S.Ct. 1303; *Rooker*, 263 U.S. at 415–16, 44 S.Ct. 149. Even though Smith raises his claims under various federal statutes, federal courts must still give full faith and credit to the judicial proceedings of state courts. *See Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 85, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984). Smith cannot invoke federal jurisdiction by couching his claims against the various defendants in terms of a civil rights action. *See Ritter v. Ross*, 992 F.2d 750, 754 (7th

---

* The Honorable Curtis L. Collier, United States District Judge for the Eastern District of Tennessee, sitting by designation.

Cir.1993). Thus, under the *Rooker–Feldman* doctrine, the district court lacked jurisdiction to hear Smith's complaint. *See Feldman,* 460 U.S. at 486, 103 S.Ct. 1303; *Rooker,* 263 U.S. at 415–16, 44 S.Ct. 149.

 Smith's complaint is also barred by the doctrine of claim preclusion. Under the doctrine of claim preclusion, a final judgment on the merits bars any and all claims brought by the parties based on the same cause of action, as to every matter litigated, and as to every ground of recovery that could have been presented. *Black v. Ryder/P.I.E. Nationwide, Inc.,* 15 F.3d 573, 582 (6th Cir.1994). As Smith's current complaint named the same defendants and raises the same issues that he presented in his state court proceedings, Smith's complaint is barred by the doctrine of claim preclusion.

Smith contends that the *Rooker–Feldman* doctrine and the doctrine of claim preclusion are unconstitutional. However, both doctrines are concepts approved by the United States Supreme Court. *See Montana v. United States,* 440 U.S. 147, 153, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979) (discussing the doctrine of *res judicata* ). Therefore, until the Supreme Court chooses to reverse its decisions, the doctrines are binding on the lower courts.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.