NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0089n.06

No. 12-5489

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

*Jan 24, 2013*

DEBORAH S. HUNT, Clerk

RICHARD HATCHER, )
)
    Plaintiff-Appellant, )
)
v. ) ON APPEAL FROM THE UNITED
) STATES DISTRICT COURT FOR
UNITED STATES OF AMERICA, ) THE EASTERN DISTRICT OF
) TENNESSEE
    Defendant-Appellee. )
)
——————————————————— )
) OPINION

Before: COLE and DONALD, Circuit Judges; RUSSELL, District Judge. *

    **BERNICE B. DONALD, Circuit Judge.** Plaintiff-Appellant Richard Hatcher brought this action against the United States and the United States Department of the Interior under the Federal Tort Claims Act, 28 U.S.C. § 1346(b), claiming damages for injuries he suffered when a tree fell on his leg at a national park. The district court dismissed Hatcher's complaint, holding that the federal government's hazardous tree inspection and removal procedures are "discretionary functions," for which the government has not waived immunity under the Federal Tort Claims Act. This appeal followed. We affirm.

---

    * The Honorable Thomas B. Russell, United States District Judge for the Western District of Kentucky, sitting by designation.

**I.**

Richard Hatcher alleges that on April 23, 2009, while observing rocks in a stream located in the Cades Cove picnic area in the Great Smoky Mountains National Park (Park), he was injured when a tree located in a wooded area across the stream fell and landed on his left leg. In March 2009, a month before the alleged incident, the National Park Service crew inspected and removed 95 trees from the area where the alleged incident occurred. Hatcher, nevertheless, claims that the United States is liable for the injuries that he sustained on the grounds that the National Park Service, failed to inspect, maintain, or both each of the trees in the wooded area surrounding the Cades Cove picnic area where he and his family were visiting that day.

The defendants moved to dismiss the matter pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. The United States sought dismissal on the grounds that the district court lacked subject matter jurisdiction over Hatcher's claims because the inspection and maintenance of trees in the Park is a discretionary function that is excepted from the limited waiver of sovereign immunity afforded through the Federal Tort Claims Act (FTCA). Alternatively, the United States sought dismissal of Hatcher's complaint because it was barred by the Tennessee Recreational Use Statute, Tenn. Code Ann. §§70-7-101 *et seq*.

The district court dismissed Hatcher's claim with prejudice finding that the discretionary function exception to the FTCA waiver of sovereign immunity applied to preclude the court's exercise of jurisdiction over Hatcher's complaint. Because the district court found this issue dispositive, it did not address the United States' alternative argument–that under the Tennessee

Recreational Use Statute, the United States is entitled to immunity from liability. Hatcher timely appealed.

On appeal, Hatcher argues that the district court erred in granting Defendant's Rule 12(b)(1) motion without giving him an opportunity to secure and present evidence to controvert affidavit's regarding the annual inspection and removal of trees in or near the developed areas of the Park. Hatcher also argues that the district court erred in dismissing his complaint on the grounds of the "discretionary function" exception to the FTCA. Furthermore, Hatcher argues that the defendant's alternative defense under the Tennessee Recreational Use Statute is not a proper ground for affirming the district court's decision.

## II.

Hatcher argues that the district court erred in relying on materials outside of the pleadings to dismiss his case, without giving him an opportunity for discovery. It is established that the district court may consider affidavits and other documents outside the record on a Rule 12(b)(1) motion, but it must do so in a manner that is fair to the non-moving party. *Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 918 (6th Cir. 1986) Where subject matter jurisdiction is challenged under Rule 12(b)(1), as it was here, the plaintiff has the burden of proving jurisdiction in order to survive the motion. *Id*. Hatcher was free to supplement the record by affidavits, but chose not to do so. *Id.* Hatcher deceptively claims that discovery should have been granted. The record reveals that Hatcher decided that he did not need discovery to defend against the government's motion to dismiss. In fact, he joined the United States in moving to stay discovery pending disposition of the government's motion to dismiss. *Id.; see Vill, of Oakwood v. State Bank & Trust Co.*, 539 F.3d 373, 384 (6th Cir. 2008)

(party failed to inform court that discovery was needed on summary judgment motion waived the argument that they were improperly denied discovery by the district court). The district court is empowered to resolve factual issues on a Rule 12(b)(1) challenge to subject matter jurisdiction and properly did so in this case by reviewing all of the evidence that both Hatcher and the government presented. *Id.* Moreover, Hatcher fails to explain which evidence he was unable to obtain that would have had any impact on the merits of the motion to dismiss. For these reasons, this argument is without merit.

### III.

The district court dismissed Hatcher's claim, holding that the action was barred by the discretionary function exception to the FTCA. We review the district court's application of the discretionary function exception and dismissal of this action *de novo*. *United States v. Yannott*, 42 F.3d 999, 1003 (6th Cir. 1994) (citations omitted), *cert. denied*, 513 U.S. 182 (1995).

Congress waived the sovereign immunity of the United States by giving district courts jurisdiction over certain tort actions against the United States. 28 U.S.C. § 1346(b). Congress, however, excepted from this limited waiver "[a]ny claim based upon . . . the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." *Id.* § 2680(a). If a case falls within this statutory exception to FTCA § 1346(b), the court lacks subject matter jurisdiction. *Rosenbush v. United States*, 119 F.3d 438, 440 (6th Cir. 1997).

In a series of cases, the Supreme Court has articulated and refined a two-part test to be applied in determining whether a particular claim falls under this discretionary function to the waiver

of sovereign immunity. *See United States v. Gaubert*, 499 U.S. 315 (1991); *Berkovitz v. United States*, 486 U.S. 531 (1988); *United States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines)*, 467 U.S. 797 (1984); *Dalehite v. United States*, 346 U.S. 15 (1953). The first part of the test requires a determination of whether the challenged act or omission violated a mandatory regulation or policy that allowed no judgment or choice. *Gaubert*, 499 U.S. at 322-23; *see also Graves v. United States*, 872 F.2d 133, 137 (6th Cir. 1989). If so, the discretionary function exception does not apply because there was no element of judgment or choice in the complained of conduct. *Gaubert*, 499 U.S. at 322. "The requirement of judgment or choice is not satisfied if a 'federal statute, regulation or policy specifically prescribes a course of action for an employee to follow,' because 'the employee had no rightful option but to adhere to the directive.'" *Id.* (quoting *Berkovitz*, 486 U.S. at 536).

If the challenged conduct is determined to be discretionary, the second part of the *Gaubert* test looks to see whether the conduct is "of the kind that the discretionary function exception was designed to shield." *Id.* at 322-23. In enacting FTCA § 2680(a), "Congress wished to prevent judicial 'second guessing' of legislative and administrative decisions grounded in social, economic, and political policy." *Berkovitz*, 486 U.S. at 537; *Varig Airlines*, 467 U.S. at 814. Thus, where there is room for policy judgment and decision, there is discretion of the sort protected by FICA § 2680(a). *Dalehite*, 346 U.S. at 36.

## IV.

In deciding whether the complained of conduct was grounded in judgment or choice, the crucial first step is to determine exactly what conduct is at issue. *Rosenbush,* 119 F.3d at 441. The

relevant inquiry is whether the controlling statutes, regulations, and administrative policies mandated that the National Park Service conduct inspections and remove hazardous trees any differently than it did. *Id.* at 442. If not, the National Park Service's decision as to the precise action to take would clearly fall within the discretionary function exception to the government's tort liability. *Id.*

The written policy guidelines that applied to the periodic inspection of the Cades Cove picnic area left discretion to Park employees on whether, when, and how to implement the guidelines given budgetary and staffing constraints. The guidelines state, "[p]eriodically, any trees which stand within falling distance of public use areas and which might pose a hazard to the public or significant property should be systematically inspected for flaws. The form and frequency of the routine inspection or surveillance will depend on the type of visitor use or areas (which will be defined later)." "Frequency of inspection as called for in the [guidelines] becomes a local issue keyed to the nature of the park and visitor use. . . . For many areas a frequency of once a year would be the norm." The guidelines are discretionary because they allow Park employees executing them to determine how to best implement the overall framework considering various factors. *See Berkovitz*, 486 U.S. at 536 ; *Rosenbush*, 119 F.3d at 441.

The allegedly tortious conduct of the United States in this case involved a discretionary function. Therefore, we turn to the second part of the *Gaubert* test to determine whether the National Park Service's conduct– inspecting and removing hazardous trees– is the sort of conduct which the discretionary function exception was designed to shield. *See Gaubert*, 499 U.S. at 322-23. We hold that it is. Decisions on whether and how to make federal lands safe for visitors require making policy judgments protected by the discretionary function exception. *Rosenbush*, 119 F.3d at 443;

*Autery v. United States*, 992 F.2d 1523, 1527 (11th Cir. 1993) (claims for injuries sustained when a tree fell on car as plaintiffs were driving through Great Smoky Mountain National Park barred by discretionary function exception because Park Service decision concerning safeguarding visitors constitutes protected discretionary conduct); *Bowman v. United States*, 820 F.2d 1393, 1395 (4th Cir. 1987) (design and use of park services on the Blue Ridge Parkway is a discretionary function because it requires balancing safety, aesthetics, environmental impact, and available financial resources). Indeed, tree inspection and removal is the sort of conduct inherently subject to important and unpredictable constraints like limited funds and manpower.

Like the district court, we will not reach the defendant's recreational-use alternative defense in light of the dispositive nature of the FTCA's discretionary-function exception.

**V.**

The district court correctly ruled that the FTCA does not, in view of the discretionary function exception, waive immunity for Hatcher's claim and therefore properly dismissed it. For this reason, the court does not reach the alternate state grounds defense. The judgment is AFFIRMED.